UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ruth Hundley, *et al.*,

    Plaintiffs,

v.     Case No. 21-11023

Henry Ford Health System, *et al.*,     Sean F. Cox
United States District Court Judge

    Defendants.
_____/

## OPINION & ORDER
## GRANTING DEFENDANTS' MOTION TO STAY

This putative class action is currently before the Court on Defendants' Motion to Stay, wherein they ask this Court to stay proceedings in this action pending the United States Supreme Court's decision in *Hughes v. Northwestern Univ*ersity, No. 19-1401, 141 S. Ct. 2882 (July 2, 2021). In *Hughes*, the Supreme Court will address the pleadings standard plaintiffs must satisfy to state a cognizable claim in an ERISA class action alleging excessive fees like the claims Plaintiffs assert in this case. The parties have briefed the issues and the Court concludes that a hearing is not necessary. For the reasons set forth below, the motion is GRANTED and this Court STAYS proceedings in this action pending the Supreme Court's decision in *Hughes*.

## BACKGROUND

On May 5, 2021, Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks, and Carol Rembor filed this putative class action against Defendants Henry Ford Health System, The Board of Directors of Henry Ford Health System, "Investment Committee," and "John Does 1-40." (ECF No. 1 at 1). Plaintiffs assert the following two counts: 1) "Breaches of Fiduciary Duties of

Loyalty and Prudence (Asserted Against HFHS and Committee Defendants)"; and 2) "Failure to Adequately Monitor Other Fiduciaries (Asserted Against HFHS and the Board Defendants)." It is a lengthy and detailed complaint.

The parties agreed that Defendants could have additional time to file their first responsive pleading. Before Defendants did so, on July 2, 2021, the United States Supreme Court granted a petition for writ of certiorari in *Hughes v. Northwestern University et al.*, wherein the petition presented the following question presented:

> Under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1104, a plan fiduciary is required to meet a standard of "prudence" in administering the plan holding the participant's retirement assets in a defined contribution plan. The Third and Eighth Circuits have held that a plan participant can adequately plead a breach of fiduciary duty by claiming that the retirement plan charged excessive fees when lower-cost alternatives existed. In the decision below, the Seventh Circuit held that virtually identical pleadings are insufficient to state a claim, because it is necessary to credit the defendant's explanation for not offering lower cost options for the retirement plan before allowing a well-pleaded complaint to proceed. The question presented is:
> Whether allegations that a defined-contribution retirement plan paid or charged its participants fees that substantially exceeded fees for alternative available investment products or services are sufficient to state a claim against plan fiduciaries for breach of the duty of prudence under ERISA, 29 U.S.C. § 1104(a)(1)(B).

After a September 14, 2021 Status Conference, this Court ordered that Defendants' first responsive pleading in this case is due by October 19, 2021. (*See* 9/17/21 Docket Entry).

On August 5, 2021, Defendants filed a "Motion To Stay," (ECF No 14) wherein they ask this Court for a stay of all proceedings pending the United States Supreme Court's decision in *Hughes*. Defendants contend that "[i]n *Hughes,* the Supreme Court will address the pleadings standard plaintiffs must satisfy to state a cognizable claim in an ERISA class action alleging excessive fees virtually identical to the claims Plaintiffs assert here." (*Id*. at 2). This motion is

2

opposed by Plaintiffs.  The motion has been fully briefed.

Meanwhile, Defendants' first responsive pleading is currently due on October 19, 2021.  Defendants are presumably going to file a motion to dismiss based upon the Seventh Circuit's decision in *Hughes*, while Plaintiffs will oppose the motion urging this Court to follow the contrary position followed by the Third and Eighth Circuits.

On October 12, 2021, Defendants filed an unopposed motion to file a 35-page brief in support of the motion to dismiss they intend to file in this case.  They assert that it is necessary in order to "sufficiently address Plaintiffs' 91-page, 205-paragraph Complaint, as well as the current state of the case law at issue." (ECF No. 22 at PageID.222).  Plaintiffs do not oppose the request because, given the nature of these issues, they too likely wish to file an over-size brief.

If the parties do not request extensions as to the times for filing the response and reply briefs, then Defendants' yet-to-be-filed Motion to Dismiss should be briefed by November 16, 2021.  If they request extensions, as is commonly done with complex motions like these, the motion would not be done being briefed until a later date.

The Supreme Court is scheduled to hear *Hughes* on December 6, 2021.  Thus, the Supreme Court's decision in *Hughes* could be issued at any time between that December 6, 2021 hearing date the end of the term in June of 2022.

## ANALYSIS

The Sixth Circuit has explained that the "'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the district court.'" *F.T.C. v. E.M.A. Nationwide, Inc.,* 767

F.3d 611, 626-27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)); *see also Clinton v. Jones*, 520 U.S. 681, 706, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("[T]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). The appropriate analysis "calls for the exercise of judgment, which must weigh competing interests." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

Where, as here, a motion to stay is premised on the alleged significance of another case's imminent disposition, courts in this district "have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder,* 77 F.Supp.3d 616, 644 (E.D. Mich. 2015); *see also Arkona, LLC v. County of Cheboygan*, 2021 WL 2381892 (E.D. Mich. June 10, 2021). As such, these are very case-specific decisions.[1]

This Court concludes that a balancing of these factors weighs in favor of staying all proceedings in this particular case pending the Supreme Court's decision in *Hughes*.

---

[1] As a result, that another court has granted or denied a motion to stay in a different case is not especially helpful to the Court. For example, Plaintiffs filed a notice of supplemental authority to let the Court know that a motion to stay was denied by the district court in a similar ERISA class action, *Bilello v. Estee Lauder, Inc*., 20-04770. (*See* ECF No. 17). But that case was filed in 2020 (not 2021) and, as a result, the district court had already denied a fully-briefed motion to dismiss before the Supreme Court granted certiorari in *Hughes*. Similarly, in the 2020 case before Judge Terrence Berg (Case No. 20-11643), he denied an "emergency" motion to stay where the parties had already fully briefed a motion to dismiss. In contrast, this case was filed in 2021 and the Supreme Court granted certiorari in *Hughes before* any motion to dismiss was filed in this case. Moreover, contrary to Plaintiffs' suggestion, this Court is not alone in granting a motion to stay in light of *Hughes*. *See, e.g., Kennedy v. Aegis Media Americas, Inc*., 2021 WL 4077946 (S.D. N.Y. Sept. 7, 2021).

The potential dispositive effect of the other case weighs in favor of a stay, as the Supreme Court's decision in *Hughes* will settle a key issue that has direct bearing on whether this action may proceed. The motion to dismiss that Defendants plan to file in this case will ask this Court to dismiss Plaintiffs' claims based upon the Seventh Circuit's decision. Plaintiffs will oppose such a motion, asking this Court to follow the contrary position taken by the Third and Eighth Circuits. Thus, regardless of the outcome in the Supreme Court, the decision to be issued in *Hughes* will provide the pleading standard that this Court must follow in deciding the motion to dismiss that will be filed in this case.

As such, Defendants persuasively argue that entering a stay would promote judicial economy and reduce the costs of litigation on all parties to this case:

> Absent a stay, this Court will decide issues in this case, including a forthcoming motion to dismiss, under existing law, and the parties will conduct robust class action and merits discovery and develop their cases under existing law. But the Supreme Court's ruling in *Hughes* will then define what Plaintiffs must allege to state a plausible excessive fee claim under ERISA, and thus what facts Plaintiffs must ultimately prove. After the decision is issued, Plaintiffs likely will amend their complaint. Thereafter, the parties will file new briefs as to the legal standards addressed in that opinion and conduct additional discovery of develop new legal theories based on the Supreme Court's guidance.
> In short, there is little to be gained – and much to be lost – from having this Court decide the motion and having the parties continue to litigate the case, when *Hughes* may upend or further inform the governing standard.

(Defs.' Br. at 5-6). This Court agrees with Defendants that, under the circumstances presented here, entering a stay will promote judicial economy and reduce the costs of litigation on all parties.

By contrast, Plaintiffs will not suffer significant prejudice because of a limited stay. In terms of the prejudice they believe they would incur if the motion to stay were granted, Plaintiffs assert as follows:

> Here, Plaintiffs would surely be prejudiced by a lengthy stay.  It may take as long as eleven months before the Supreme Court issues a decision in *Hughes*.  Such a prolonged stay would prevent Plaintiffs from moving his case past the initial pleadings and severely delay Plaintiffs from securing the evidence they need to proceed to trial.

(Pls.' Br. at 10).

As a practical matter, however, even if this Court were to deny Defendants' motion to stay, it would be unlikely that this Court would issue a decision on Defendants' yet-to-be-filed Motion to Dismiss before the Supreme Court issues its decision in *Hughes*.  Defendants would not file their motion to dismiss in this case until October 19, 2021 and, thereafter, the parties would then have to brief the motion.  The motion will be a lengthy and complex motion, as the parties have already agreed that over-size briefs (ie, 35-page briefs) are warranted.  In this Court's experience, the parties frequently request extensions of time for the response and reply briefs for such complex motions.  And even if no extensions were requested, the earliest the motion could be briefed would be November 16, 2021.  Given this Court's docket, the motion would not be set for hearing until a few months after that and, a decision would not be issued until some later date.  Indeed, Plaintiffs' own brief acknowledges motions to dismiss "in ERISA class actions typically take up the better part of a year."  (Pls.' Br. at 10).

Meanwhile, the Supreme Court is scheduled to hear *Hughes* on December 6, 2021, and would issue its decision sometime after that hearing but before the end of the term in June of 2022.  Thus, the Court concludes that any delay that might be avoided by denying the requested stay is far outweighed by the inequity and inefficiency in litigating issues that are going to be decided by the Supreme Court in *Hughes*.

And the Court is not persuaded that Plaintiffs will incur significant prejudice by virtue of

6

continuing to incur allegedly excessive fees during the stay. *See* Pls.' Br. at 10 (asserting that a "stay of this action will put the Plan and its participants on hold without recourse for nearly a year" and "[d]uring this time, the Plan will continue to incur excessive fees and lower investment returns further dwindling the Plan participants' retirement savings."). As Defendants note, damages to each participant "would be hundreds of dollars at most. Moreover, if Plaintiffs prove their claims and establish damages, they will recover any additional losses accrued during the stay through a greater judgment." (Defs.' Reply Br. at 4). Further, "there is no indication that Defendant[s] would be unable to satisfy a judgment for damages, or that a delay would impact their ability to do so." *Kennedy, supra*, at *3. Accordingly, the Court concludes that any harm to the individual participants does not outweigh the significant benefits of the requested stay.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendants' Motion for Stay is GRANTED and all proceedings in this action are hereby STAYED pending the Supreme Court's decision in *Hughes.*

IT IS FURTHER ORDERED that the parties shall notify the Court of the decision in *Hughes* within five calendar days after the Supreme Court issues its decision. This Court will then promptly set a Status Conference.

IT IS SO ORDERED.

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: October 13, 2021