## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RUTH HUNDLEY, CAROL BUJAK, LITA BROOKS, and CAROL REMBOR, individually and on behalf of participants and beneficiaries of the Henry Ford Health System Retirement Savings Plan and the Henry Ford System Heritage 403(b) Plan, | **Case No. 2:21-cv-11023**<br><br>**Hon. Sean F. Cox** |
| Plaintiffs, | |
| v. | |
| HENRY FORD HEALTH SYSTEM, THE BOARD OF TRUSTEES OF HENRY FORD HEALTH SYSTEM, INVESTMENT COMMITTEE, and JOHN DOES 1-40, | |
| Defendants. | |

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
## CLASS ACTION SETTLEMENT

Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks and Carol Rembor ("Named Plaintiffs"), by and through their attorneys, respectfully move the Court for an Order: (1) preliminarily approving the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") described herein; (2) preliminarily certifying the proposed Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2); (3) approving the form and method of Class Notice; (4) setting a date and time for a hearing (the "Fairness Hearing") for consideration of final

approval of the Settlement, of payment of attorneys' fees and expenses, and of a

potential Case Contribution Award to the Named Plaintiffs; and (5) enjoining Class

Members from pursuing any claims that arise out of or relate in any way to the claims

at issue in this action pending final approval of the settlement. Plaintiffs rely on the

Memorandum of Law and Exhibits filed herewith.

Dated: December 11, 2023                    Respectfully submitted,


                                            */s/ David Fink*
                                            David Fink (P28235)
                                            Nathan Fink (P75185)
                                            FINK BRESSACK PLLC
                                            38500 Woodward Avenue, Suite 350
                                            Bloomfield, MI 48304
                                            Tel: (248) 971-2500
                                            dfink@finkbressack.com
                                            nfink@finkbressack.com

                                            Eric Lechtzin (Fed. Bar ID 62096PA)
                                            Marc Edelson (Fed. Bar ID 51834PA)
                                            EDELSON LECHTZIN LLP
                                            411 S. State Street, Suite N-300
                                            Newtown, PA 18940
                                            Tel: (215) 867-2399
                                            elechtzin@edelson-law.com
                                            medelson@edelson-law.com

John J. Nestico
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (480) 315-3841
jnestico@schneiderwallace.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RUTH HUNDLEY, CAROL BUJAK,
LITA BROOKS, and CAROL
REMBOR, individually and on behalf
of participants and beneficiaries of the
Henry Ford Health System Retirement
Savings Plan and the Henry Ford
System Heritage 403(b) Plan,

Case No. 2:21-cv-11023

Hon. Sean F. Cox

Plaintiffs,

v.

HENRY FORD HEALTH SYSTEM,
THE BOARD OF TRUSTEES OF
HENRY FORD HEALTH SYSTEM,
INVESTMENT COMMITTEE, and
JOHN DOES 1-40,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF
## <u>CLASS ACTION SETTLEMENT</u>

iv

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................ iii

CONCISE STATEMENT OF ISSUES PRESENTED ............................................. v

CONTROLLING OR MOST APPROPRIATE AUTHORITY .............................. vi

I.     INTRODUCTION..........................................................................................1

II.    DISCUSSION ................................................................................................2

       A.    Procedural History...............................................................................2

       B.    Terms of the Settlement Agreement.....................................................3

       C.    Reasons for the Settlement ..................................................................4

III.   PROPOSED SCHEDULE .............................................................................5

IV.    DISCUSSION ................................................................................................6

       A.    The Settlement Merits Preliminary Approval ....................................7

       B.    Final Approval Criteria Support Preliminary Approval......................7

             1.    There is no risk of fraud or collusion........................................8

             2.    The complexity, expense and likely duration favor settlement ......9

             3.    The Plaintiffs Engaged in Extensive Discovery .........................10

             4.    The likelihood of Plaintiffs' success weighed against the
                   consideration offered in the settlement favors approval ...........11

             5.    The judgment of experienced Class Counsel weigh in favor of
                   approval ....................................................................................11

             6.    Evaluation of objections is premature.......................................12

             7.    The settlement's consistency with public interest favors
                   approval ....................................................................................12

       C.    Certification of the Class is also Appropriate .........................................13

1.    The proposed Class satisfies the requirements of Rule 23(a)........14

2.    The Class satisfies the requirements of Rule 23(b)(1) and (b)(2)..16

    a.  Individual actions would create inconsistent adjudications or be dispositive of the interests of absent members .............................16

    b.  Defendants Have Acted on Grounds Generally Applicable to the Class and Relief for the Class as a Whole Is Appropriate .............17

3.    Rule 23(g) is satisfied....................................................................18

D.  The Proposed Notice Satisfies Rule 23 of Due Process Requirements ...19

V.  CONCLUSION ..............................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Amchem Prods., Inc. v. Windsor,*
  521 U.S. 591 (1997)...........................................................................................13

*Berger v. Xerox Corp. Ret. Income Guarantee Plan,*
  338 F.3d 755 (7th Cir. 2003) ...............................................................................18

*Berry v. Sch. Dist. of City of Benton Harbor,*
  184 F.R.D. 93 (W.D. Mich. 1998).................................................................. 7, 12

*Bublitz v. E.I. du Pont de Nemours & Co.,*
  202 F.R.D. 251 (S.D. Iowa 2001).........................................................................18

*Carson v. Am. Brands, Inc.,*
  450 U.S. 79 (1981)................................................................................................7

*Franks v. Kroger Co.,*
  649 F.2d 1216 (6th Cir. 1981), *vacated on other grounds and modified,* 670 F.2d
  71 (1982).................................................................................................................6

*Granada Invs., Inc. v. DWG Corp.,*
  962 F.2d 1203 (6th Cir. 1992) ............................................................................12

*In re Am. Med. Sys., Inc.,*
  75 F.3d 1069 (6th Cir. 1996) ..............................................................................14

*In re CMS Energy ERISA Litig.,*
  225 F.R.D. 539 (E. D. Mich. 2004) .....................................................................16

*In re Dun & Bradstreet Credit Servs. Customer Litig.,*
  130 F.R.D. 366 (S.D. Ohio 1990)..........................................................................9

*In re Telectronics Pacing Sys., Inc., Accufix Atrial "J" Prods. Liab. Litig.,*
  137 F.Supp. 2d 985 (S.D. Ohio 2001) ...............................................................8, 9

*Little Caesar Enters., Inc. v. Smith,*
  172 F.R.D. 236 (E.D. Mich. 1997) ......................................................................15

*Mass. Mut. Life Ins. Co. v. Russell,*
  473 U.S. 134 (1985)..............................................................................................13

*Mezyk v. U.S. Bank Pension Plan,*
  No. 09-384, 2011 WL 601653 (S.D. Ill. Feb. 11, 2011) .............................. 16, 18

*Mullane v. Cent. Hanover Bank & Trust Co.,*
  339 U.S. 306 (1950)..............................................................................................19

*Rankin v. Conaway,*
No. 02-71045 (E.D. Mich. Feb. 9, 2006)............................................................20

*Smith v. Provident Bank,*
170 F.3d 609 (6th Cir. 1999) ...............................................................17

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier,*
262 F.3d 559 (6th Cir. 2001) .................................................................7

*UAW v. Ford Motor Co. ("Ford Motor"),*
No. 05-74730, 2006 WL 1984363, (E.D. Mich. July 13, 2006)...........................8

*UAW v. Gen. Motors Corp.,*
497 F.3d 615 (6th Cir. 2007) .................................................................8

*Williams v. Vukovich,*
720 F.2d 909 (6th Cir. 1983) .................................................................8

### Statutes

29 U.S.C. § 1104 ..........................................................................................2

28 U.S.C. § 1715(d) ....................................................................................6

### Other Authorities

6 James Wm. Moore, *et al.*, MOORE'S FEDERAL PRACTICE (3d ed. 1999); MANUAL
FOR COMPLEX LITIGATION (THIRD) § 13.44 (5th ed. 2014)..................................6

Manual for Complex Litig. § 30.42 (3d ed. 1995)......................................................8

Newberg on Class Actions, §§ 8.12, 8.15, 8.17, 8.28; 8.33 (5th ed. 2014) .............19

### Rules

Fed. R. Civ. P. 23(a)(1)............................................................................14

Fed. R. Civ. P. 23(a)(3)............................................................................15

Fed. R. Civ. P. 23(a)(4)............................................................................15

Fed. R. Civ. P. 23(b)(1)...................................................................... 1, 3, 16, 17

Fed. R. Civ. P. 23(b)(1)(A)........................................................................16

Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment).......13

Fed. R. Civ. P. 23(b)(1)(B) ........................................................................17

Fed. R. Civ. P. 23(b)(2)........................................................................ 1, 3, 17, 18

## CONCISE STATEMENT OF ISSUES PRESENTED

1.     Whether the Court should preliminarily approve the Class Action Settlement Agreement.

2.     Whether the Court should preliminarily certify the proposed Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2).

3.     Whether the Court should approve the form and method of Class Notice.

4.     Whether the Court should set a Final Fairness Hearing, along with deadlines for Class Counsel to file and serve their motion for award of attorneys' fees and expenses and incentive fee for the Named Plaintiffs, and for Class Counsel to file their motion for final approval of the proposed Class Action Settlement Agreement.

5.     Whether the Court should enjoin Class Members from pursuing any claims that arise out of or relate in any way to the claims at issue pending final approval of the settlement.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Pursuant to Local Rule 7.1(c)(2), Plaintiff lists the following authority as the most appropriate for the relief sought in her motion:

- Fed. R. Civ. P. 23

- *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

- *Rankin v. Rots,* 220 F.R.D. 511 (E.D. Mich. 2004)

# **INTRODUCTION**

Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks and Carol Rembor ("Named Plaintiffs"), by and through their attorneys, respectfully move the Court for an Order: (1) preliminarily approving the Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") described herein; (2) preliminarily certifying the proposed Class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2); (3) approving the form and method of Class Notice; (4) setting a date and time for a hearing (the "Fairness Hearing") for consideration of final approval of the Settlement,[1] of payment of attorneys' fees and expenses, and of a potential Case Contribution Award to the Named Plaintiffs; and (5) enjoining Class Members from pursuing any claims that arise out of or relate in any way to the claims at issue in this action pending final approval of the settlement.

The Settlement provides monetary consideration to current and former Plan participants. The Settlement resolves the claims against all Defendants and was reached after vigorous arms-length negotiations before a well-respected mediator, Robert A. Meyer of JAMS, over several weeks, and Plaintiffs' consultation with a damages expert.[2]

---

[1] A copy of the Settlement Agreement is attached as Ex. 1 to the Declaration of Eric Lechtzin ("Lechtzin Decl.") filed herewith. Capitalized terms used in this brief have the meanings assigned to them in the Settlement Agreement.

[2] This Memorandum shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing,

1

## **DISCUSSION**

### A.      **Procedural History**

On May 5, 2021, a putative Class Action Complaint was filed in this Court against the Henry Ford Health System, the Board of Directors of the Henry Ford Health System, and the Investment Committee of the Henry Ford Health System (collectively "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Dkt. No. 1. The case was filed by Fink Bressack PLLC ("Local Counsel"), Schneider Wallace Cottrell Konecky LLP and Edelson Lechtzin LLP ("Class Counsel" or "Lead Class Counsel"). The Complaint alleged that Defendants breached their fiduciary duties to the Plan and its participants in violation of 29 U.S.C. § 1104, by: (i) failing to objectively and adequately review the Plans' investment portfolio with due care to ensure that each investment option was prudent in terms of cost; (ii) failing to select the lowest cost share class for many of the funds within the Plans, despite their lower fees and superior returns; (iii) selecting and retaining certain funds in the Plans despite the availability of similar investment options with lower costs and/or better performance histories; and (3) failing to ensure the Plans' total recordkeeping and other administrative expenses were reasonable and not excessive.

---

breach, or liability, or a waiver of any claims or defenses, including but not limited to those as to the propriety of any amended pleadings or the propriety and scope of class certification.

Plaintiffs filed an Amended Class Action Complaint on June 21, 2023. Dkt. 42. Subsequently, on July 5, 2023, Defendants filed an Answer to Amended Complaint with Affirmative Defenses. Dkt. 43. On August 30, 2023, the parties participated in a zoom video mediation hearing before Robert A. Meyer of JAMS. After extensive arms-length negotiations spanning weeks, the mediation resulted in the settlement of this matter. The process was thorough, adversarial, and professional.

### B.    Terms of the Settlement Agreement

The following summarizes the principal terms of the Settlement.[3]

1.    **Consideration.** Defendants will contribute $5,000,000.00 the Gross Settlement Amount, to a qualified settlement fund. Additionally, the Plan's fiduciaries shall institute two (2) hours of mandatory fiduciary training for all members of the Investment Subcommittee to take place on an annual basis.

2.    **Class.** The Settlement contemplates that the Court will certify a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1) and/or (b)(2), including all participants and beneficiaries (or alternate payees of those individuals) in the Plan between May 5, 2015 and the date of Preliminary Approval of the Settlement.

3.    **Released Claims.** Article 7 of the Settlement Agreement generally defines the Released Claims as claims brought by Plaintiffs or claims that

---

[3] *See* Lechtzin Decl. at Ex. 1.

3

could have been asserted by Plaintiffs based upon the allegations in the instant Action. *See* §7.

4. **Notice.** A proposed Preliminary Approval Order is attached as Ex. C to the Settlement Agreement. The Preliminary Approval Order provides for the following notices: (a) a Notice of Settlement (Ex. A to the Settlement Agreement), to be mailed to the last known mail address of members of the Settlement Class; and (b) internet publication of the Settlement Agreement and Class Notice on www.henryforderisasettlement.com along with a telephone support line [800-NUMBER].

6. **Attorneys' Fees.** By separate application to be filed prior to the Fairness Hearing, Class Counsel will seek an award of attorneys' fees, expenses and Case Contribution Awards for the Named Plaintiffs. Class Counsel will seek an award of $1,666,666.67 for attorneys' fees, up to $100,000 for reimbursement of litigation expenses, and a $10,000 Case Contribution Award for each of the Named Plaintiffs.

C. **Reasons for the Settlement**

Plaintiffs have entered into this proposed Settlement with an understanding of the strengths and weaknesses of their claims. This understanding is based on: (1) the Rule 12(b)(6) motion practice undertaken by the Parties; (2) investigation and research; (3) the likelihood that Plaintiffs would prevail on their claims; (4) the range

4

of possible recovery; (5) the substantial complexity, expense, and duration of litigation necessary to prosecute this action through trial, post-trial motions, and likely appeals, and the significant uncertainties in predicting the outcome of such complex litigation; and (6) Defendants' determination to fight and contest every aspect of the case. Having undertaken this analysis, Class Counsel and Plaintiffs have concluded that the Settlement is fair, reasonable, and adequate, and should be presented to the Court for approval.

## PROPOSED SCHEDULE

The Parties have agreed to the following schedule of events, the dates of which will be determined after the Court enters the Preliminary Approval Order and sets a Fairness Hearing date:

| Event | Time for Compliance |
|---|---|
| Deadline for CAFA Notice | No later than ten (10) days after the filing of the Motion for Preliminary Approval of the Settlement |
| Deadline for mailing of Class Notice and posting Notice to website | Within thirty (45) days of entry of the Preliminary Approval Order, |
| Deadline for filing Plaintiffs' motions for final approval, attorneys' fees and expenses, and Case Contribution Award to the Named Plaintiff | Thirty (30) days prior to the proposed Fairness Hearing |
| Deadline for members of the Settlement Class to comment upon or object to the proposed Settlement | Fourteen (14) days prior to the proposed Fairness Hearing |
| Deadline for filing Plaintiffs' reply in support of motions for final approval, attorneys' fees and expenses, and Case Contribution Award to the Named Plaintiffs, and for either Parties to respond to any comments or objections | Seven (7) days prior to the proposed Fairness Hearing |
| Proposed Fairness Hearing | A date to be set by the Court, no sooner than ninety (90) days after the motion for entry of the Preliminary Approval Order[4] |

## **DISCUSSION**

Strong judicial policy favors resolution of class action litigation prior to trial.

*Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981), *vacated on other grounds and modified*, 670 F.2d 71 (1982).[5]

---

[4]  Pursuant to the U.S. Class Action Fairness Act of 2005, at 28 U.S.C. § 1715(d), the date of the Fairness Hearing must be at least 90 days after notices are served on the appropriate state and federal officials.

[5]  6 James Wm. Moore, *et al.*, MOORE'S FEDERAL PRACTICE (3d ed. 1999); MANUAL FOR COMPLEX LITIGATION (THIRD) § 13.44 (5th ed. 2014) ("The law favors settlement, particularly in class actions and other complex cases where substantial

## A.      The Settlement Merits Preliminary Approval

The Sixth Circuit has specified the process whereby class action settlements

are approved, and the standards that should be applied at each stage:

> (1) the court must preliminarily approve the proposed settlement, i.e.,
> the court should determine whether the compromise embodied in the
> decree is illegal or tainted with collusion; (2) members of the class must
> be given notice of the proposed settlement; and (3) a hearing must be
> held to determine whether the decree is fair to those affected, adequate
> and reasonable.

*Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier*, 262 F.3d 559, 565-66 (6th Cir.

2001). This case is now at the first step of the process outlined in *Tennessee Ass'n.*

*Id.* "Unless it appears that the compromise embodied in the agreement is illegal or

tainted with collusion, the court must order that notice be given to the class of the

proposed agreement and must order a fairness hearing." *Berry v. Sch. Dist. of City*

*of Benton Harbor,* 184 F.R.D. 93, 97 (W.D. Mich. 1998).

## B.      Final Approval Criteria Support Preliminary Approval

As a preliminary matter, in evaluating a proposed class settlement, a court

does "not decide the merits of the case or resolve unsettled legal questions." *Carson*

*v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981). Also, "[b]eing a preferred means

of dispute resolution, there is a strong presumption by courts in favor of settlement."

---

resources can be conserved by avoiding lengthy trials and appeals.") and § 13:45
("[A] court will presume that a proposed class action settlement is fair when certain
factors are present, particularly evidence that the settlement is the product of arms-
length negotiation, untainted by collusion.").

*In re Telectronics Pacing Sys., Inc., Accufix Atrial "J" Prods. Liab. Litig.*, 137 F.

Supp. 2d 985, 1008-09 (S.D. Ohio 2001) (citing Manual for Complex Litig. § 30.42

(3d ed. 1995)). The Court's inquiry on approval is thus limited to the consideration

of whether the proposed settlement is "fair, adequate, and reasonable to those it

affects and whether it is in the public interest." *Williams v. Vukovich,* 720 F.2d 909,

921-23 (6th Cir. 1983).

The Sixth Circuit has identified a number of factors that are relevant in

determining whether a settlement is fair, reasonable and adequate: "(1) the risk of

fraud or collusion; (2) the complexity, expense and likely duration of the litigation;

(3) the amount of discovery engaged in by the parties; (4) the likelihood of success

on the merits; (5) the opinions of class counsel and class representatives; (6) the

reaction of absent class members; and (7) the public interest." *UAW v. Gen. Motors

Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). "The Court may choose to consider only

those factors that are relevant to the settlement at hand and may weigh particular

factors according to the demands of the case." *UAW v. Ford Motor Co. ("Ford

Motor")*, No. 05-74730, 2006 WL 1984363, at *22 (E.D. Mich. July 13, 2006).

### 1.    There is no risk of fraud or collusion.

"Courts respect the integrity of counsel and presume the absence of fraud or

collusion in negotiating the settlement, unless evidence to the contrary is offered."

*Ford Motor*, 2006 WL 1984363, at *26 (quotation and citation omitted). Settlement

approval is appropriate where an agreement is based upon arm's length negotiations – *i.e.*, where there is no collusion or benefit to certain parties to the detriment of the class. *See In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 372 (S.D. Ohio 1990).

As noted above, the Parties participated in arm's-length negotiations before a well-respected mediator, Robert A. Meyer, without collusion. Following numerous exchanges over several weeks, the Parties reached an agreement. Lechtzin Decl. ¶ 3.

### 2. The complexity, expense and likely duration favor settlement.

"Settlements should represent a 'compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *In re Cardizem CD Antitrust Litig.,* 218 F.R.D. 508, 523 (E.D. Mich. 2003) (quoting *Vukovich,* 720 F.2d at 922). This is particularly true with class actions, which are "inherently complex." *Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d at 1013. "[S]ettlement avoids the costs, delays, and multiple of other problems associated with them." *Id.*

Plaintiffs recognize the possibility that the outcome of the case may not be as expected. Class Counsel believe that pursuant to ERISA, Defendants breached their fiduciary duties to Plan participants. However, Plaintiffs are also aware that Defendants adamantly dispute this position and that the Court (and ultimately the Court of Appeals for the Sixth Circuit) could disagree with Plaintiffs.

In addition, presenting an ERISA case of this type on the merits at trial is a massive undertaking, with substantial risks, expense, and delay. Defendants have forcefully raised defenses to their actions with respect to the Plan to date, and there is no reason to believe they would not continue to do so through trial or appeal if necessary. The monetary consideration to the Plan is far better for the Plan's participants than the possibility of a more significant recovery, if any, after an expensive and protracted trial and appeal.

### 3.   The Plaintiffs engaged in extensive discovery.

In this case, prior to filing their claims, Class Counsel extensively investigated the publicly available information and investigated the facts, including review and analysis of Plan-related documentation, analysis of Henry Ford Health System's publicly available financial statements, and interviews of Plan participants. Lechtzin Decl. ¶ 2. In addition, Defendants produced more than 8,000 pages of Plan-related documents, including Committee meeting minutes, consultant reports, fund analyses, and Plan disclosure statements. Defendants' consultant, NEPC, also produced more than 6,800 pages of documents in response to Plaintiffs' subpoena. Plaintiffs also subpoenaed Empower Retirement, Fidelity Workplace Services, LLC, and Met Life. This formal discovery, in addition to Class Counsel's extensive investigation, gave Class Counsel adequate information to evaluate its position in this dispute.

### 4.   The likelihood of Plaintiffs' success weighed against the consideration offered in the settlement favors approval.

Class Counsel believe strongly in their claims and the legal basis for them. But there is risk in any litigation, and especially here, where the area of the law – ERISA – is one of the most nuanced, unpredictable, and rapidly developing. As such, any prediction of success is far from reliable.

If this Settlement is not approved, a substantial amount of work will need to be completed, including completion of fact discovery, class certification, dispositive motion practice, final designation of witnesses, designation of exhibits, preparation of pre-trial memoranda and proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's almost-certain appeal. Plaintiffs believe that their claims would be successful, but nonetheless are aware of the risks associated with proceeding to trial.

### 5.   The judgment of experienced Class Counsel weigh in favor of approval.

Class Counsel have extensive experience in handling ERISA litigation. Furthermore, Class Counsel have been able to develop the issues in this case to an appropriate point for settlement. They have conducted an extensive investigation; participated in extensive negotiations concerning the issues in this litigation; and retained an expert to assess damages and create a Plan of Allocation. While there is

much to be done to prepare the case for trial, Plaintiffs possess a comprehensive understanding of both the strengths and the weaknesses of their claims, and believe that the Settlement is fair, reasonable and is in the best interests of the Plan and the Class. This opinion weighs heavily in favor of both preliminary and final approval of the Settlement.

### 6. Evaluation of objections is premature.

Class Counsel will address any objections at the final approval hearing.

### 7. The settlement's consistency with public interest favors approval.

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. at 530 (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). Settlements are particularly desirable in cases such as this one, where remedial measures must be implemented over extended periods of time. *See Berry,* 184 F.R.D. at 97. Here, there are no contravening public interest justifications sufficient to support deviating from the public interest served by settlement of this action, which provides monetary consideration to the Class. This factor weighs strongly in favor of approval as well.

### C.    Certification of the Class is also Appropriate

Class certification is governed by Fed. R. Civ. P. 23, regardless of whether certification is sought pursuant to a contested motion or, as here, pursuant to a settlement. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 619-29 (1997). Thus, the Court may certify the proposed class at this time upon finding that the action satisfies the four prerequisites of Rule 23(a) and one or more of the three subsections of Rule 23(b). *Id.*

Courts in this jurisdiction have consistently found that class certification is appropriate in ERISA cases. *See Rankin v. Rots,* 220 F.R.D. 511 (E.D. Mich. 2004) ("*Kmart Class Cert.*"); *see also* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment) (certification under Fed. R. Civ. P. 23(b)(1) is appropriate in cases charging breach of trust by a fiduciary to a large class of beneficiaries). Congress has similarly embraced the use of representative actions to enforce ERISA. *See Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 142 n.9 (1985) (noting Congress' clearly expressed intent that ERISA "actions for breach of fiduciary duty be brought in representative capacity on behalf of the plan as a whole"). Thus, this Action, which seeks relief on behalf of the Plan is precisely the type of case that Fed. R. Civ. P. 23 was enacted to address.

**1.   The proposed Class satisfies the requirements of Rule 23(a).**

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Plaintiffs allege that the Class consists of over 27,926 individuals. *See* First Amended Class Action Complaint, ¶ 57. Thus, the Settlement Class is too large for joinder to be practicable.

Rule 23(a)(2) requires that a proposed class action raise "questions of law or fact common to the class." "[T]here need be only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (quotations and citations omitted). Plaintiffs have identified common questions of law and fact, including: (a) whether Defendants are fiduciaries of The Plan; (b) whether Defendants breached their fiduciary duties of loyalty and prudence by engaging in the conduct alleged in the Complaint; and (c) whether the Board failed to adequately monitor the Investment Committee and other fiduciaries to ensure the Plans were being managed in compliance with ERISA. All these questions and issues are common to the Settlement Class. *See*, *e.g.*, *Kmart Class Cert.*, 220 F.R.D. at 517-18 (identifying similar common issues and concluding as well that the claim for a breach of the duty of prudence "clearly presents a common issue.").

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. "The typicality requirement is met if the plaintiff's claim 'arises from the same event or practice or course of conduct

that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory." *Kmart Class Cert.*, 220 F.R.D. at 518 (quoting *Little Caesar Enters., Inc. v. Smith,* 172 F.R.D. 236, 242-43 (E.D. Mich. 1997)). Plaintiffs' claims arise from the same course of events as the claims of the Settlement Class, *i.e.*, from Defendants' alleged failure to maintain the Plan in accordance with ERISA. Moreover, with each member of the Settlement Class asserting the same claims arising from the same conduct by Defendants and seeking the same relief on behalf of the Plan, there can be no fair dispute that the claims asserted by Plaintiffs are typical for purposes of Rule 23(a)(3).

Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class they seek to represent. "[T]he Sixth Circuit appears to focus on the adequacy of plaintiff's counsel and whether plaintiff has a conflicting interest, not the personal qualifications of the named plaintiff." *Kmart Class Cert.*, 220 F.R.D. at 520.

These requirements are easily met in this case. Plaintiffs' interests are the same as those of the absent members of the Settlement Class: all seek to increase the retirement security of the Plans participants, through monetary and nonmonetary relief. There can be no question that the Named Plaintiffs' interests are aligned with those of the Settlement Class, and they have retained qualified counsel with

15

extensive experience in representing plaintiffs in class litigation, including ERISA cases.

### 2. The Class satisfies the requirements of Rule 23(b)(1) and (b)(2).

#### a. Individual actions would create inconsistent adjudications or be dispositive of the interests of absent members.

A class may be certified under Fed. R. Civ. P. 23(b)(1) if, in addition to meeting the requirements of Fed. R. Civ. P. 23(a), the prosecution of separate actions by individual class members would create the risk of inconsistent adjudications, which would create incompatible standards of conduct for the defendant, or would as a practical matter be dispositive of the interests of absent members. Fed. R. Civ. P. 23(b)(1)(A) and (B). Courts have certified classes under Fed. R. Civ. P. 23(b)(1) in ERISA cases for those very reasons. *See In re CMS Energy ERISA Litig.,* 225 F.R.D. 539, 546 (E. D. Mich. 2004); *see also Mezyk v. U.S. Bank Pension Plan,* No. 09-384, 2011 WL 601653, at *9 (S.D. Ill. Feb. 11, 2011) (Rule 23(b)(1)(A) certification appropriate "to establish one single standard of conduct for the defendants' administration of [a defined benefit Plan]" where participants sought "broad declaratory and injunctive relief" regarding whether plan provisions violated ERISA.).

Moreover, the Advisory Committee on Rule 23 specifically noted that actions that "charge[] a breach of trust by an indenture trustee or other fiduciary similarly

affecting the members of a large class of … beneficiaries" – *i.e.*, an action like the present action – "should ordinarily be conducted as class actions" under Rule 23(b)(1)(B). *See* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment). As a result, certification of the proposed class under Rule 23(b)(1) is appropriate in this ERISA action.

### b. Defendants Have Acted on Grounds Generally Applicable to the Class and Relief for the Class as a Whole Is Appropriate.

A class may be certified under Fed. R. Civ. P. 23(b)(2) if "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Here, Plaintiffs allege that Defendants failed to comply with ERISA on a Plan-wide basis. The available remedies include monetary relief and remedial equitable relief to the Plans as a whole. ERISA §§ 502(a)(2) & (3).

Remedies under ERISA § 502(a)(2) are by definition plan-wide, a classic example of equitable relief. *See, e.g., Smith v. Provident Bank*, 170 F.3d 609, 616 (6th Cir. 1999) ("ERISA authorizes participants to sue on behalf of a plan for breach of fiduciary duty … Permitting such suits by participants is the mechanism which Congress established to enforce the plan's right to recover for a breach of fiduciary duty.") (citing 29 U.S.C. §§ 1109(a), 1132(a)).

While the Settlement includes monetary consideration to the Plan, that consideration is incidental to, and flows directly from, Plaintiffs' prayer for injunctive and declaratory relief. *See Mezyk*, 2011 WL 601653, at *9 ("It is true that if such relief were awarded, class members may receive monetary benefits that would naturally flow from the award of declaratory or injunctive relief. However, that does not detract from the fact that the relief sought is predominantly declaratory or injunctive in nature."); *Bublitz v. E.I. du Pont de Nemours & Co.*, 202 F.R.D. 251, 259 (S.D. Iowa 2001) (same). *See also Berger v. Xerox Corp. Ret. Income Guarantee Plan*, 338 F.3d 755, 763-64 (7th Cir. 2003) (certifying Fed. R. Civ. P. 23(b)(2) class where ERISA plaintiffs sought declaratory relief). Accordingly, Plaintiffs' claims are also properly certified under Rule 23(b)(2).

### 3.    Rule 23(g) is Satisfied.

Fed. R. Civ. P. 23(g) requires the Court to examine the capabilities and resources of class counsel. Class Counsel has explained the claims brought in this action, and the time and effort already expended in connection with this litigation. Moreover, Class Counsel are among the leading ERISA class action plaintiffs' firms and possess unparalleled expertise in the specific types of ERISA claims brought in this lawsuit. Class Counsel thus satisfies the requirements of Rule 23(g).

18

**D.     The Proposed Notice Satisfies Rule 23 of Due Process Requirements**

In order to satisfy due process considerations, notice to class members must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Here, the proposed Class Notice describes in plain English the Settlement; the considerations that caused Plaintiffs and Class Counsel to conclude that the Settlement is fair and adequate; the maximum attorneys' fees and Case Contribution Award for the Named Plaintiffs that may be sought; the procedure for objecting to the Settlement; and the date and place of the Fairness Hearing.

With the Court's approval, the Class Notice will be mailed to each member of the Settlement Class, no later than forty-five (45) days after the entry of the Preliminary Approval Order. Last known addresses of members of the Class are available from the Plan's current recordkeeper. In addition, the Settlement Agreement and Class Notice will be published on www.henryforderisasettlement.com. The proposed forms of notice will fairly apprise members of the Class of the Settlement Agreement and their options with respect thereto, and therefore, fully satisfy due process requirements. *See* Newberg on Class Actions, §§ 8.12, 8:15, 8:17, 8:28; 8:33 (5th ed. 2014). Similar notice plans

in ERISA settlements have been approved. *Rankin v. Conaway*, No. 02-71045 (E.D.

Mich. Feb. 9, 2006).

## **CONCLUSION**

Class Counsel respectfully request the Court grant Plaintiffs' motion and (i)

enter the Preliminary Approval Order, which provides for notice to the Class as

described herein, and (ii) sets a Final Fairness Hearing, along with deadlines for

Plaintiffs to (a) file and serve the motion for award of attorneys' fees and expenses

and for a Case Contribution Award for the Named Plaintiffs and (b) file their motion

for final approval of the proposed Settlement.

Dated: December 11, 2023

Respectfully submitted,

/s/David Fink
David Fink (P28235)
Nathan Fink (P75185)
FINK BRESSACK PLLC
38500 Woodward Avenue, Suite 350
Bloomfield, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

Eric Lechtzin (Fed. Bar ID 62096PA)
Marc Edelson (Fed. Bar ID 51834PA)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Tel: (215) 867-2399
elechtzin@edelson-law.com
medelson@edelson-law.com

John J. Nestico
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (480) 315-3841
jnestico@schneiderwallace.com

Attorneys for Plaintiffs

21