## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RUTH HUNDLEY, CAROL BUJAK, LITA BROOKS, and CAROL REMBOR, individually and on behalf of participants and beneficiaries of the Henry Ford Health System Retirement Savings Plan and the Henry Ford System Heritage 403(b) Plan, | Case No. 2:21-cv-11023<br><br>Hon. Sean F. Cox |
|               Plaintiffs, | |
| v. | |
| HENRY FORD HEALTH SYSTEM, THE BOARD OF TRUSTEES OF HENRY FORD HEALTH SYSTEM, INVESTMENT COMMITTEE, and JOHN DOES 1-40, | |
|               Defendants. | |

### PLAINTIFFS' MOTION FOR AWARDS OF ATTORNEYS' FEES, EXPENSES, AND INCENTIVE FEES

Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks and Carol Rembor ("Named Plaintiffs"), respectfully move the Court for an Order approving awards of attorneys' fees and expenses to Class Counsel, an award of a class representative incentive fees to Named Plaintiffs, and for entry of the Order and Final Judgment.[1]

---

[1] Plaintiffs file the instant motion contemporaneously with their Motion for Final Approval of Class Action Settlement and Certification of Settlement Class.

Dated: April 16, 2024                    Respectfully submitted,

                                         /s/ Nathan J. Fink
                                         David Fink (P28235)
                                         Nathan Fink (P75185)
                                         FINK BRESSACK PLLC
                                         38500 Woodward Avenue; Suite 350
                                         Bloomfield Hills, MI 48304
                                         Tel: (248) 971-2500
                                         dfink@finkbressack.com
                                         nfink@finkbressack.com

                                         Eric Lechtzin (Fed. Bar ID 62096PA)
                                         Marc Edelson (Fed. Bar ID 51834PA)
                                         EDELSON LECHTZIN LLP
                                         411 S. State Street, Suite N-300
                                         Newtown, PA 18940
                                         Tel: (215) 867-2399
                                         elechtzin@edelson-law.com
                                         medelson@edelson-law.com

                                         John J. Nestico
                                         SCHNEIDER WALLACE COTTRELL
                                           KONECKY LLP
                                         2000 Powell Street, Suite 1400
                                         Emeryville, CA 94608
                                         Tel: (480) 315-3841
                                         jnestico@schneiderwallace.com

                                         *Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RUTH HUNDLEY, CAROL BUJAK, LITA BROOKS, and CAROL REMBOR, individually and on behalf of participants and beneficiaries of the Henry Ford Health System Retirement Savings Plan and the Henry Ford System Heritage 403(b) Plan, | Case No. 2:21-cv-11023<br><br>Hon. Sean F. Cox |
| Plaintiffs, | |
| v. | |
| HENRY FORD HEALTH SYSTEM, THE BOARD OF TRUSTEES OF HENRY FORD HEALTH SYSTEM, INVESTMENT COMMITTEE, and JOHN DOES 1-40, | |
| Defendants. | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR AWARDS OF ATTORNEYS' FEES, EXPENSES AND INCENTIVE FEES

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................ ii

CONCISE STATEMENT OF ISSUES PRESENTED ........................................ iv

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... v

I.     INTRODUCTION ............................................................................... 1

II.    SETTLEMENT NEGOTIATIONS ..................................................... 2

III.   THE COURT SHOULD AWARD THE REQUESTED FEES AS A
       REASONABLE, MARKET-SET FEE AGREEMENT ................................... 2

       A.  Applicable Legal Standards ......................................................... 2

                1.   The Settlement Benefits the Settlement Class ................................. 3

                2.   The Fee Award Is Less Than the Value of Class Counsel's
                     Services on an Hourly Basis ............................................ 3

                3.   Counsel Undertook this Case on a Fully Contingent-Fee Basis ...... 5

                4.   The Public Interest Favors Awarding Fees ..................................... 6

                5.   The Complexity of the Litigation.................................................... 6

                6.   The Professional Skill and Standing of Class Counsel Favor Fee
                     Award ................................................................................ 7

       B.   Class Counsel's Fee Request Is Reasonable Under the Lodestar Method. 7

       C.   The Proposed Fees Are Also Reasonable in Light of the Value of the
            Settlement Benefits to the Class ................................................. 9

IV.    THE COURT SHOULD AWARD THE REQUESTED EXPENSES ............ 10

V.     THE COURT SHOULD APPROVE THE REQUESTED INCENTIVE
       AWARDS ...................................................................................... 12

VI.    CONCLUSION ................................................................................. 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*,
  684 F. Supp. 953 (N.D. Ohio 1988) ...................................................................... 8

*Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*,
  46 F.3d 1392 (6th Cir. 1995) .................................................................................. 5

*Blum v. Stenson*,
  465 U.S. 886 (1984) ........................................................................................... 8, 10

*Clark v. Duke Univ.*, No. 1:16-CV-,
  2019 WL 2579201 (M.D.N.C. June 24, 2019) ...................................................... 4

*Hadix v. Johnson*,
  322 F.3d 895 (6th Cir. 2003) ................................................................................ 12

*Marshall v. Northrop Grumman Corp.*,
  2020 WL 5668935 (C.D. Cal. Sept. 18, 2020) ........................................... 9, 11, 12

*Moulton v. U.S. Steel Corp.*,
  581 F.3d 344 (6th Cir. 2009) .................................................................................. 6

*Pledger v. Reliance Tr. Co.*,
  2021 WL 2253497 (N.D. Ga. Mar. 8, 2021) .......................................................... 4

*Ramey v. Cincinnati Enquirer, Inc.*,
  508 F.2d 1188 (6th Cir. 1974) ........................................................................... 5, 3

*Rawlings v. Prudential-Bache Properties, Inc.*,
  9 F.3d 513 (6th Cir. 1993) ...................................................................................... 5

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
  2015 WL 1498888 (E.D. Mich. Mar. 31, 2015) .............................................. 9, 13

*Sims v. BB&T Corp.*,
    2019 WL 1993519 (M.D.N.C. May 6, 2019) ........................................................ 9

*Singleton v. Domino's Pizza, LLC*,
    976 F. Supp. 2d 665 (D. Md. 2013) ........................................................ 5

*Tussey v. ABB, Inc.*,
    2019 WL 3859763 (W.D. Mo. Aug. 16, 2019)........................................................ 4

*Vassalle v. Midland Funding LLC*,
    708 F.3d 747 (6th Cir. 2013)........................................................ 12

**Statutes**

29 U.S.C. § 1104 ........................................................ 4, 6

## CONCISE STATEMENT OF ISSUES PRESENTED

1.      Whether the Court should award attorneys' fees.

2.      Whether the Court should award reimbursement of expenses.

3.      Whether the Court should award a class representative incentive fee to Named

Plaintiffs.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188 (6th Cir. 1974)

Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks and Carol Rembor ("Named Plaintiffs"), respectfully move the Court for an Order approving awards of attorneys' fees and expenses to Class Counsel and an award of a class representative incentive fee to Named Plaintiffs.[2]

## I.   INTRODUCTION

The Parties to this Action have entered into a comprehensive Settlement Agreement that provides substantial relief to the Settlement Class members in the form of monetary consideration to the Plan Members.[3]

As discussed more fully below, this Court should approve the requested attorneys' fees, reimbursement of litigation expenses, and class representative service awards both because they are reasonable compensation for the significant time, effort, risk, and expenses expended by Class Counsel and Named Plaintiffs in the successful resolution of this Action, and because the fees, expenses, and awards are consistent with the benefits of the Settlement conferred on the Settlement Class. The requested award of attorneys' fees and reimbursement of litigation expenses is

---

[2] Named Plaintiffs file the instant motion contemporaneously with their Motion for Final Approval of Class Action Settlement and Certification of Settlement Class.

[3] A copy of the Settlement Agreement ("Settlement" or "Settlement Agreement") is attached to the Declaration of Eric Lechtzin in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, Approval of Attorneys' Fees and Expenses, and Entry of Final Order of Judgment ("Declaration" or "Decl.") at **Exhibit A**. Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Settlement Agreement.

less than the actual lodestar and expenses incurred over the course of this litigation. In addition, for the reasons discussed below, a service award to Named Plaintiffs is fair and reasonable in light of the substantial commitment of time and effort of Named Plaintiffs in this litigation.

## II.    SETTLEMENT NEGOTIATIONS

As detailed in the attached declarations, Class Counsel committed considerable time and resources to prosecute this matter without any guarantee of payment. Lechtzin Decl. ¶¶ 6-13; Nestico Decl. ¶¶ 4-6, 8-9; Fink Decl. ¶¶ 3-5. The litigation was hard fought and involved extensive investigation, consultation with experts, review of documents, and legal research and briefing, all of which were necessary to achieve a positive result for the Class. *Id.* The Settlement was, to say the least, the result of lengthy and sometimes contentious arm's-length negotiations between the Parties. However, the process was thorough, adversarial, and professional.

## III.   THE COURT SHOULD AWARD THE REQUESTED FEES AS A REASONABLE, MARKET-SET FEE AGREEMENT

### A.  Applicable Legal Standards

The requested award is amply justified under the applicable standards for determining a reasonable attorneys' fee award. In the Sixth Circuit, courts employ a six-factor test to determine the reasonableness of attorney fee calculations:

(1) the value of the benefit rendered to the [plaintiff class]; (2) society's stake in rewarding attorneys who produce such benefits to maintain an

incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). As detailed below, here each of these factors favors granting Plaintiffs' request for attorneys' fees and reimbursement of litigation expenses.

### 1.    The Settlement Benefits the Settlement Class

The Settlement Agreement provides for a substantial monetary contribution of five million dollars ($5,000,000) to the Plan on behalf of the Class.

### 2.    The Fee Award Is Less Than the Value of Class Counsel's Services on an Hourly Basis

The total number of hours of legal work on behalf of the Class, 1,225.3, is reasonable, considering the complex, high-stakes nature of this class action. Lechtzin Decl. ¶ 12; Nestico Decl. ¶ 6; Fink Decl. ¶¶ 3-4. The extensive efforts of Class Counsel to investigate, prosecute and resolve the matter are detailed herein and in the attached Declarations.

On May 5, 2021, a putative Class Action Complaint was filed in this Court against the Henry Ford Health System, its Board of Directors, and its Investment Committee (collectively "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (ECF No. 1.) The Complaint alleged that Defendants breached their fiduciary duties to the Plan and its

participants in violation of 29 U.S.C. § 1104, by: (i) failing to objectively and adequately review the Plans' investment portfolio with due care to ensure that each investment option was prudent in terms of cost; (ii) failing to select the lowest cost share class for many of the funds within the Plans, despite their lower fees and superior returns; (iii) selecting and retaining certain funds in the Plans despite the availability of similar investment options with lower costs and/or better performance histories; and (iv) failing to ensure the Plans' total recordkeeping and other administrative expenses were reasonable and not excessive.

Plaintiffs filed an Amended Class Action Complaint on June 21, 2023. (ECF No. 42.) Subsequently, on July 5, 2023, Defendants filed an Answer to the Amended Complaint with Affirmative Defenses. (ECF No. 43.) On August 30, 2023, the parties participated in a Zoom video mediation hearing before Robert A. Meyer of JAMS. After extensive arms-length negotiations spanning weeks, the mediation resulted in the settlement of this matter. The process was thorough, adversarial, and professional.

The total lodestar figure is $1,220,784.00, with expenses of $41,378.39. Class Counsel have requested a fee in the amount of one-third of the common fund ($1,666,666.67), which is provides a modest lodestar multiplier of 1.36.[4] There is a

---

[4] Courts considering similar ERISA class action settlements have ruled that "one-third of the monetary recovery provided to class members in the settlement agreement, is reasonable…." *Clark v. Duke Univ.*, No. 1:16-CV-1044, 2019 WL

"strong presumption" that the lodestar represents a reasonable fee. *Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). Under the lodestar method, courts often award positive "multipliers" to class counsel. *See*, *e.g.*, *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 689 (D. Md. 2013) (noting that the lodestar multipliers "on large and complicated class actions have ranged from at least 2.26 to 4.5"); *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 517 (6th Cir. 1993) (affirming a multiplier of 2). Thus, Class Counsel's modest multiplier of 1.36 (*see* Lechtzin Decl. ¶ 12; Nestico Decl. ¶ 8; Fink Decl. ¶¶ 3-4.), plus the presumptive reasonableness of the lodestar, strongly suggest that the fee sought here is reasonable in this situation.

### 3. Counsel Undertook this Case on a Fully Contingent-Fee Basis

From the outset, Class Counsel litigated this matter on a fully contingent basis and placed at risk their own resources to do so. The only certainty was that Class Counsel would not get paid without a successful result, and success required significant investments of time and expense.

---

2579201, at *3 (M.D.N.C. June 24, 2019). *See also Pledger v. Reliance Tr. Co.*, No. 1:15-CV-4444-MHC, 2021 WL 2253497, at *8 (N.D. Ga. Mar. 8, 2021) (noting that "district courts have consistently recognized that a one-third fee is the market rate" in ERISA excessive fee cases); *Tussey v. ABB, Inc.*, No. 06-CV-04305-NKL, 2019 WL 3859763, at *4 (W.D. Mo. Aug. 16, 2019) ("District Courts throughout the country have consistently awarded … a one-third fee.")

Moreover, Class Counsel's work is not yet done. Class Counsel still need to: (1) prepare for and attend the final approval hearing; (2) research, draft, and prepare any additional submissions requested by the Court; (3) assist Settlement Class members with their inquiries; (4) assist the claims administrator with any issues that arise in connection with the distribution of the settlement proceeds; and (5) handle any resulting appeal. The contingent nature of this case favors the award of fees. *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 352 (6th Cir. 2009).

### 4.     The Public Interest Favors Awarding Fees

The public interest is well served by compensating Class Counsel for their commitment to serving the Class with dedication and achieving meaningful relief for the Class in a timely manner. Plaintiffs sought to confer a common benefit on all participants and beneficiaries of the Plan during the Class Period – they did not file this litigation merely to benefit themselves. The Settlement provides for significant monetary compensation to the Class.

### 5.     The Complexity of the Litigation

There are no garden variety ERISA class actions. As noted in Plaintiffs' Preliminary Approval Memorandum, this area of law is one of the most nuanced, unpredictable, and rapidly developing in ERISA jurisprudence. The Complaint alleged that Defendants breached their fiduciary duties to the Plan and its participants in violation of 29 U.S.C. § 1104, by: (1) selecting and retaining certain

6

funds in the Plan despite the availability of virtually identical or similar investment options with lower costs and/or better performance history; (2) failing to select the lowest cost share class available for the funds within the Plan; (3) under-utilizing collective trusts and separate accounts as alternatives to the mutual funds in the Plan, despite their lower fees; and (4) subjecting the Plan to excessive recordkeeping fees. These are highly technical aspects of retirement plan management and administration.

### 6. The Professional Skill and Standing of Class Counsel Favor Fee Award

As detailed in the accompanying Declarations, Class Counsel are among the leading ERISA litigation firms that regularly represent retirement plan participants, and possess a high level of expertise in the specific types of ERISA claims brought in this lawsuit. Lechtzin Decl. ¶¶ 1-2, 4-5; Nestico Decl. ¶¶ 3, 7; Fink Decl. ¶ 6, Ex. C. Defense counsel are similarly highly respected and experienced in defense of ERISA class actions. Given the formidable opposition by well-heeled defendants represented by well-respected counsel, a high level of experience was required for success.

### B. Class Counsel's Fee Request Is Reasonable Under the Lodestar Method

Class Counsel have incurred $1,220,784.00 in fees, which represents a multiplier of 1.36. Lechtzin Decl. ¶ 12; Nestico Decl. ¶ 6; Fink Decl. ¶¶ 3-4. Class

Counsel have expended more than 1,225.3 hours pursuing this litigation. *Id.* Throughout the litigation process, there has been a real and substantial risk that these investments would not be recovered.

On a firm-by-firm basis, the lodestar calculations are as follows:

|  | **Lodestar** | **Hours** |
|---|---|---|
| Edelson Lechtzin LLP | $758,132.00 | 752.9 |
| Fink Bressack PLLC | $144,065.00 | 171.0 |
| Schneider Wallace Cottrell Konecky LLP | $318,587.00 | 301.4 |
| **Totals** | **$1,220,784.00** | **1225.3** |

As set forth in the Declaration, the hourly fees for Class Counsel's attorneys and professional staff range from $450.00 to $1,175.00 per hour for 1225.3 hours of services performed. Lechtzin Decl. ¶ 12; Nestico Decl. ¶¶ 5-6; Fink Decl. ¶ 3, Ex. A. The lower end represents rates charged by associate attorneys, while the higher end represents rates charged by senior partners. *Id.* at **Exhibits B and C**.

The firms' rates are current rates and not the historical rates. *See Arthur S. Langenderfer, Inc. v. S.E. Johnson Co.*, 684 F. Supp. 953, 958 (N.D. Ohio 1988) (noting that current rates were appropriate to counterbalance a delay in payment) (reversed on other grounds). The hourly rates sought by counsel here are "prevailing market rates," for similar services by lawyers of "reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

8

Additionally, Class Counsel's rates are on a par with, or even below, plaintiffs' firms who have litigated similar ERISA breach of fiduciary duty class action cases in district courts throughout the country. For example, in 2019 a court approved as reasonable Class Counsel's hourly rates of "$1,060 per hour for attorneys with over 25 years of experience, $900 per hour for attorneys with 15 to 24 years of experience, $650 per hour for attorneys with 5 to 14 years of experience…." *Sims v. BB&T Corp.*, No. 1:15-CV-732, 2019 WL 1993519, at *3 (M.D.N.C. May 6, 2019); *Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794 AB (JCX), 2020 WL 5668935, at *7 (C.D. Cal. Sept. 18, 2020) (same).

As explained in the Declarations, Class Counsel's rates are the same as the regular current rates charged for their services in non-contingent matters, and also which have been approved in complex cases in this and other districts including in ERISA cases. Lechtzin Decl. ¶ 12; Nestico Decl. ¶¶ 5-6; Fink Decl. ¶¶ 3-4.

### C. The Proposed Fees Are Also Reasonable in Light of the Value of the Settlement Benefits to the Class

Many courts choose to cross check a fee that is fair and reasonable under lodestar analysis by also evaluating the fee in relation to the settlement benefits to the class. Typically, this is done by evaluating the award as a percentage of the fund. Plaintiffs here seek fees of one-third of the settlement value plus expenses, which is well within the benchmark. *See*, *e.g.*, *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-CV-14360, 2015 WL 1498888, at *15 (E.D. Mich. Mar. 31, 2015),

*vacated and remanded,* 825 F.3d 299 (6th Cir. 2016) ("Courts have noted that the range of reasonableness in common fund cases is from 20 to 50 percent of the common fund."). The instant fee is well within this range.

## IV.  THE COURT SHOULD AWARD THE REQUESTED EXPENSES

Included in the total negotiated amount are Class Counsel's hard costs – representing amounts that have already been advanced out of pocket by Class Counsel. This arrangement underscores the nature of the risk undertaken by Class Counsel and further justifies the award of the entire negotiated amount contemplated in the Settlement Agreement.

This Court may award reasonable expenses authorized by the parties' agreement. Fed. R. Civ. P. 23(h). Trial courts may determine what is reasonable based on an objective standard of reasonableness, *i.e.*, the prevailing market value of services rendered. *Blum*, 465 U.S. at 895.

Here, based on the Declarations filed contemporaneously herewith, Class Counsel requests reimbursement for common and routinely reimbursed litigation expenses incurred by Class Counsel in the amount of $41,378.39. Lechtzin Decl. ¶¶ 13-14; Nestico Decl. ¶ 8; Fink Decl. ¶ 5, Ex. B. The expenses incurred prosecuting the complex class action include filing fees; travel fees, court appearances, copying,

10

delivery and telecommunications charges; legal research charges; and similar litigation expenses.[5] These expenses are summarized in the chart below:

| CLASS COUNSEL'S LITIGATION EXPENSES | | | | |
|---|---|---|---|---|
| | Edelson Lechtzin | Schneider Wallace | Fink Bressack | Totals |
| eDiscovery (Nimble Systems) | $3,142.05 | $519.50 | | $3,661.55 |
| Electronic Research (Westlaw, Lexis, PACER) | $5,220.65 | $20.27 | $25.71 | $5,266.63 |
| Expert & Consultant Fees | $13,556.50 | | | $13,556.50 |
| Mediation (JAMS) | $5,475.00 | $5,237.50 | | $10,712.50 |
| Travel | $5,830.56 | | $47.69 | $5,878.25 |
| Meals | $322.99 | | | $322.99 |
| DocuSign | $95.40 | | | $95.40 |
| Printing, Copying, Imaging | $881.00 | | $84.50 | $965.50 |
| Postage, UPS, FedEx | $255.95 | | $219.43 | $475.38 |
| Court Fees | | | $402.00 | $402.00 |
| Delivery Messengers | | | $41.69 | $41.69 |
| **TOTAL EXPENSES** | $34,780.10 | $5,777.27 | $820.83 | **$41,378.39** |

The expenses in the chart above are typically billed by attorneys to fee-paying clients and are calculated based on the actual expenses of these services in the markets in which they have been provided. Class Counsel maintains appropriate back-up documentation for each expense. Accordingly, the request by Class Counsel for the reimbursement of fees and expenses is reasonable and should be approved.

---

[5] "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable." *Marshall v. Northrop Grumman Corp.*, No. 16-CV-6794 AB (JCX), 2020 WL 5668935, at *9 (C.D. Cal. Sept. 18, 2020) (internal quotations and citations omitted).

## V.   THE COURT SHOULD APPROVE THE REQUESTED INCENTIVE AWARDS

Class Counsel respectfully request that the Court approve an incentive award of $7,500 for each of the Named Plaintiffs. The Sixth Circuit has recognized that "'there may be circumstances where incentive awards are appropriate,'" *Vassalle v. Midland Funding LLC*, 708 F.3d 747, 756 (6th Cir. 2013) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897–98 (6th Cir. 2003). Courts approving incentive awards "have stressed that incentive awards are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix*, 322 F.3d at 897.[6]

Here, Named Plaintiffs have actively engaged in this case from the very beginning, and they have devoted a significant amount of time to prosecuting this Action. Lechtzin Decl. ¶ 15; *see also* Declarations of Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks and Carol Rembor. Among other things, Named Plaintiffs assisted Class Counsel in gathering Plan documents, account statements, and other facts and materials in assisting Class Counsel research and draft the Class Action Complaint. *Id.* They reviewed each of the pleadings and authorized their filings; they regularly requested and received status updates concerning the litigation and

---

[6] In similar ERISA class actions, courts have observed: "It is well established that the court may grant incentive awards to class representatives, both as an inducement to participate in the suit and as compensation for time spent in litigation activities…." *Marshall*, 2020 WL 5668935, at *10 (approving incentive award of $25,000 to each named plaintiff) (internal quotations and citations omitted).

12

settlement negotiations; and they considered various proposed terms of the Settlement and ultimately authorized Class Counsel to accept Defendants' offer of settlement. *Id.* During critical periods in the case (such as during the drafting of the complaint and settlement negotiations), Named Plaintiffs and their counsel conferred via telephone and email multiple times per week. *Id.*

An award for Named Plaintiffs' hard work and diligence in this matter would be in line with incentive awards in other cases. *See*, *e.g.*, *Shane Group, Inc.*, 2015 WL 1498888, at *18 ("Courts have approved incentive awards of up to $15,000 for individual plaintiff class representatives for providing information to class counsel, receiving and approving pleadings, assisting in discovery and participating in settlement discussions.").

## VI.  CONCLUSION

For the foregoing reasons, Class Counsel respectfully request that the Court grant Plaintiffs' motion, together with such other and further relief as to the Court may deem just and proper.

Dated: April 16, 2024                Respectfully submitted,

/s/ Nathan J. Fink
David Fink (P28235)
Nathan Fink (P75185)
FINK BRESSACK PLLC
38500 Woodward Avenue; Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

Eric Lechtzin (Fed. Bar ID 62096PA)
Marc Edelson (Fed. Bar ID 51834PA)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Tel: (215) 867-2399
elechtzin@edelson-law.com
medelson@edelson-law.com

John J. Nestico
Schneider Wallace Cottrell
  Konecky LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (480) 315-3841
jnestico@schneiderwallace.com

*Attorneys for Plaintiffs*

14