## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RUTH HUNDLEY, CAROL BUJAK, LITA BROOKS, and CAROL REMBOR, individually and on behalf of participants and beneficiaries of the Henry Ford Health System Retirement Savings Plan and the Henry Ford System Heritage 403(b) Plan, | Case No. 2:21-cv-11023 Hon. Sean F. Cox |
| Plaintiffs, | |
| v. | |
| HENRY FORD HEALTH SYSTEM, THE BOARD OF TRUSTEES OF HENRY FORD HEALTH SYSTEM, INVESTMENT COMMITTEE, and JOHN DOES 1-40, | |
| Defendants. | |

## PLAINTIFFS' *AMENDED* UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS

Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks and Carol Rembor ("Named Plaintiffs"), by and through their attorneys, respectfully move to amend their Unopposed Motion for Final Approval of the Class Action Settlement (ECF No. 50) for the sole purpose of shortening the proposed Class Period from February

1

20, 2024, to August 31, 2023, which is the last date for which participant data was required under the Plan of Allocation.[1]

The amendment to the Class Period is necessary to align the end date of the Class Period with the end date of the Plan of Allocation (as corrected by the instant motion)[2] and to conform the Class Period to the information provided to Settlement Class Members in the Notice of Class Action Settlement. For this reason, the proposed amendment to the Class Period, if approved by the Court, would not necessitate any further notifications to the Settlement Class.

The instant Motion is supported by the following documents:

1. Memorandum of Law in Support of Plaintiffs' *Amended* Unopposed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class, attached hereto;

2. **Exhibit 1** – The Amended Class Action Settlement Agreement (this replaces Exhibit 1 to the Declaration of Eric Lechtzin in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (ECF No. 47-1, PageID.1174-PageID.1208));

---

[1] The starting date of the Class Period, May 5, 2015, remains unchanged.
[2] The only substantive change in the Corrected Plan of Allocation is using *yearly* account balances rather than *quarterly* account balances for the purpose of calculating the amount of the Net Settlement Amount to be distributed to each member of the Settlement Class.

3.    **Exhibit B** – The *Corrected* Plan of Allocation (this replaces Exhibit B to the Class Action Settlement Agreement (ECF No. 47-1, at PageID.1220-PageID.1226));

4.    **Exhibit D** – The *Amended* Final Approval Order (this replaces Exhibit D to the Class Action Settlement Agreement (ECF No. 47-1, at PageID.1241-PageID.1250)); and

5.    **Exhibit E** – The May 2, 2024 Report of the Independent Fiduciary for the Settlement in *Hundley, et al., v. Henry Ford Health System, et al*.

In addition to the amended and/or corrected documents listed above, the instant Motion is also supported by the documents originally submitted with Plaintiffs' Motion for Final Approval, as follows:

6.    Declaration of Settlement Administrator Jeffrey Mitchell in Support of Plaintiffs' Motion for Final Approval (ECF No. 52);

7.    Declaration by Phillip Thompson in Support of Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (ECF No. 53);

8.    Declaration of Eric Lechtzin in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 54); and

9.    Declaration of John J. Nestico in Support of Plaintiffs' Unopposed Motions for Final Approval of Class Action Settlement (ECF No. 55).

Based on the foregoing, Plaintiffs request that the Court enter an Order: (1) granting final approval of the Class Action Settlement Agreement; (2) granting final certification of the Class pursuant to Fed. R. Civ. P. 23(b)(1); and (3) for entry of the Order and Final Judgment.

Dated: May 9, 2024                                  Respectfully submitted,

                                                    */s/David Fink*
                                                    David Fink (P28235)
                                                    Nathan Fink (P75185)
                                                    FINK BRESSACK PLLC
                                                    38500 Woodward Avenue, Suite 350
                                                    Bloomfield, MI 48304
                                                    Tel: (248) 971-2500
                                                    Email: dfink@finkbressack.com
                                                    Email: nfink@finkbressack.com

                                                    Eric Lechtzin (Fed. Bar ID 62096PA)
                                                    Marc Edelson (Fed. Bar ID 51834PA)
                                                    EDELSON LECHTZIN LLP
                                                    411 S. State Street, Suite N-300
                                                    Newtown, PA 18940
                                                    Tel: (215) 867-2399
                                                    Email: elechtzin@edelson-law.com
                                                    Email: medelson@edelson-law.com

                                                    John J. Nestico
                                                    SCHNEIDER WALLACE
                                                      COTTRELL KONECKY LLP
                                                    2000 Powell Street, Suite 1400
                                                    Emeryville, CA 94608
                                                    Tel: (480) 315-3841
                                                    jnestico@schneiderwallace.com

                                                    ***Attorneys for Plaintiff***

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

RUTH HUNDLEY, CAROL BUJAK,
LITA BROOKS, and CAROL
REMBOR, individually and on behalf
of participants and beneficiaries of the
Henry Ford Health System Retirement
Savings Plan and the Henry Ford
System Heritage 403(b) Plan,

                              Plaintiffs,

        v.

HENRY FORD HEALTH SYSTEM,
THE BOARD OF TRUSTEES OF
HENRY FORD HEALTH SYSTEM,
INVESTMENT COMMITTEE, and
JOHN DOES 1-40,

                            Defendants.

Case No. 2:21-cv-11023

Hon. Sean F. Cox

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ............................................................................................1

II.  DISCUSSION ................................................................................................2

  A. Procedural History ....................................................................................2

  B. Terms of the Settlement Agreement ..........................................................3

  C. Reasons for the Settlement ........................................................................5

  D. Preliminary Approval ................................................................................6

  E. Notice to the Class and the Relative Lack of Objections ...........................6

III. THE COURT SHOULD GRANT FINAL APPROVAL OF THE

  SETTLEMENT ...............................................................................................7

  A. Standard of Review ...................................................................................7

  B. The Form and Methods of Notice Satisfy Rule 23 and Due Process.......14

  C. Final Certification of the Class is Appropriate........................................16

  D. The Independent Fiduciary has Approved and Authorized the
     Settlement…………………………………………………….……………20

V.CONCLUSION ...............................................................................................22

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amchem Prod., Inc. v. Windsor*,
    521 U.S. 591 (1997) ................................................................................. 16

*Berry v. Sch. Dist. of City of Benton Harbor*,
    184 F.R.D. 93 (W.D. Mich. 1998) ........................................................ 13

*Foe v. Cuomo*,
    700 F. Supp. 107 (E.D.N.Y. 1988) ....................................................... 15

*Granada Invs., Inc. v. DWG Corp.*,
    962 F.2d 1203 (6th Cir. 1992)............................................................... 13

*Griffin v. Flagstar Bancorp, Inc.*,
    2013 WL 6511860 (E.D. Mich. Dec. 12, 2013) ........................... 10, 11

*In re Am. Med. Sys., Inc.*,
    75 F.3d 1069 (6th Cir. 1996)................................................................. 17

*In re Cardizem CD Antitrust Litig.*,
    218 F.R.D. 508 (E.D. Mich. 2003) ........................................... 5, 8, 9, 13

*In re CMS Energy Erisa Litig.*,
    225 F.R.D. 539 (E.D. Mich. 2004) ....................................................... 19

*In re Glob. Crossing Sec. & ERISA Litig.*,
    225 F.R.D. 436 (S.D.N.Y. 2004) ......................................................... 14

*In re Telectronics Pacing Sys., Inc.*,
    137 F. Supp. 2d 985 (S.D. Ohio 2001) .................................................. 9

*IUE-CWA v. Gen. Motors Corp.*,
    238 F.R.D. 583 (E.D. Mich. 2006) .................................................. 8, 12

*Little Caesar Enterprises, Inc. v. Smith*,
    172 F.R.D. 236 (E.D. Mich. 1997) ....................................................... 17

*Massachusetts Mut. Life Ins. Co. v. Russell*,
    473 U.S. 134 (1985) ............................................................ 16

*Mezyk v. U.S. Bank Pension Plan*,
    2011 WL 601653 (S.D. Ill. Feb. 11, 2011) ........................ 19

*Moulton v. U.S. Steel Corp.*,
    581 F.3d 344 (6th Cir. 2009) ...................................... 5, 2, 8

*Rankin v. Rots*,
    220 F.R.D. 511 (E.D. Mich. 2004) ................... 5, 16, 17, 18

*Sheick v. Auto. Component Carrier LLC*,
    2010 WL 4136958 (E.D. Mich. Oct. 18, 2010) ............. 8, 10

*United States v. Latham*,
    54 F. App'x 441 (6th Cir. 2002) ...................................... 14

*Williams v. Vukovich*,
    720 F.2d 909 (6th Cir. 1983) ........................................ 9, 12

**Statutes**

29 U.S.C. § 1104 .................................................................. 3

## CONCISE STATEMENT OF ISSUES PRESENTED

1.     Whether the Court should grant final approval of the Class Action Settlement Agreement.

2.     Whether the Court should grant final certification of the preliminarily certified class pursuant to Fed. R. Civ. P. 23(b)(1) and/or 23(b)(2).

.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Pursuant to Local Rule 7.1(c)(2), Plaintiff lists the following authority as the most appropriate for the relief sought in her motion:

Fed. R. Civ. P. 23

*In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508 (E.D. Mich. 2003)

*Rankin v. Rots*, 220 F.R.D. 511 (E.D. Mich. 2004)

*Moulton v. U.S. Steel Corp.*, 581 F.3d 344 (6th Cir. 2009).

## **INTRODUCTION**

Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks and Carol Rembor ("Named Plaintiffs"), by and through their attorneys, respectfully move the Court for an Order: (1) granting final approval of the Class Action Settlement Agreement[1] ("Settlement" or "Settlement Agreement") described herein and preliminarily approved by the Court on February 20, 2024 (ECF No. 49); and (2) granting final certification of the Class pursuant to Fed. R. Civ. P. 23(b)(2) and/or 23(b)(2).[2]

The Settlement is an excellent result for the proposed Settlement Class, participants and beneficiaries of the Plan.[3] The Settlement resolves the claims against all Defendants and was reached after vigorous arms-length negotiations before a well-respected mediator, Robert A. Meyer, Esq. of JAMS, over several weeks, and Plaintiffs' consultation with a damages expert.[4]

---

[1] Capitalized terms not otherwise defined in this memorandum have the same meaning as ascribed to them in the Settlement Agreement, attached hereto as **Exhibit A** to the Declaration of Eric Lechtzin ("Lechtzin Decl.").

[2] Plaintiffs file the instant Motion contemporaneously with their Motion for Awards of Attorneys' Fees, Reimbursement of Expenses, and Incentive Fees.

[3] The "Plan" refers to the Henry Ford Health System Retirement Savings 401(a) Plan and the Henry Ford System Heritage 403(b) Plan. *See* Settlement Agreement at ¶ 1.33.

[4] This Memorandum shall not be construed or used as an admission, concession, or declaration by or against the Defendants of any fault, wrongdoing, breach, or liability, or a waiver of any claims or defenses, including but not limited to those as

The Parties have fully complied with the terms of the Preliminary Approval Order, including providing notice of the Settlement to the Settlement Class,[5] and mailing the Class Action Fairness Act ("CAFA") notices to the requisite officials pursuant to the CAFA statute.[6] Under the governing standards for evaluating class action settlements in this Circuit, this Settlement is "fair, reasonable, and adequate," and Named Plaintiffs respectfully ask that the Court approve it. *See Moulton v. U.S. Steel Corp.*, 581 F.3d 344, 349 (6th Cir. 2009) (setting forth Rule 23's fairness standard).

## DISCUSSION

### A. Procedural History

While the Court is familiar with the facts of this case, for purposes of Final Approval, Class Counsel summarizes them for the Court's convenience here. On May 5, 2021, a putative Class Action Complaint was filed in this Court against the Henry Ford Health System, its Board of Directors, and its Investment Committee (collectively "Defendants"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (ECF No. 1.) The Complaint alleged

---

to the propriety of any amended pleadings or the propriety and scope of class certification.

[5]  *See* Declaration of Jeff Mitchell, Analytics LLC, attached hereto.

[6]  *See* Declaration of Phillip C. Thompson, attached hereto.

that Defendants breached their fiduciary duties to the Plan and its participants in violation of 29 U.S.C. § 1104, by: (i) failing to objectively and adequately review the Plans' investment portfolio with due care to ensure that each investment option was prudent in terms of cost; (ii) failing to select the lowest cost share class for many of the funds within the Plans, despite their lower fees and superior returns; (iii) selecting and retaining certain funds in the Plans despite the availability of similar investment options with lower costs and/or better performance histories; and (iv) failing to ensure the Plans' total recordkeeping and other administrative expenses were reasonable and not excessive.

Plaintiffs filed an Amended Class Action Complaint on June 21, 2023. (ECF No. 42.) Subsequently, on July 5, 2023, Defendants filed an Answer to the Amended Complaint with Affirmative Defenses. (ECF No. 43.) On August 30, 2023, the parties participated in a Zoom video mediation hearing before Robert A. Meyer of JAMS. Thereafter, the parties engaged in extensive arms-length negotiations spanning weeks, which resulted in the settlement of this matter. The process was thorough, adversarial, and professional.

### B. Terms of the Settlement Agreement

The following summarizes the principal terms of the Settlement.[7]

---

[7] *See* Lechtzin Decl. at Ex. A.

1. **Consideration**. Defendants will contribute $5,000,000 the Gross Settlement Amount, to a qualified settlement fund. Additionally, the Plan's fiduciaries shall institute two (2) hours of mandatory fiduciary training for all members of the Investment Subcommittee to take place on an annual basis.

2. **Class.** The Settlement contemplates that the Court will certify a non-opt-out class under Fed. R. Civ. P. 23(a) and 23(b)(1), including all participants and beneficiaries (or alternate payees of those individuals) in the Plan between May 5, 2015 and August 31, 2023.

3. **Released Claims**. Article 7 of the Settlement Agreement generally defines the Released Claims as claims brought by Plaintiffs or claims that could have been asserted by Plaintiffs based upon the allegations in the instant Action. *See* §7.

4. **Notice**. The Preliminary Approval Order entered on February 20, 2024 (ECF No. 49) provided for the following notices: (a) a settlement notice (Ex. to the Preliminary Approval Order), to be mailed to the last known mail address of members of the Settlement Class; and (b) internet publication of the Settlement Agreement and Class Notice on www.henryforderisasettlement.com along with a telephone support line: 877-365-2791.

5. **Attorneys' Fees.** By separate application, Class Counsel seek an award of attorneys' fees, expenses and Case Contribution Awards for the Named

Plaintiffs. Class Counsel will seek an award of attorneys' fees in the amount of one-third of the Gross Settlement Amount ($1,666,666.67), up to $100,000 for reimbursement of litigation expenses, and a $10,000 Case Contribution Award for each of the Named Plaintiffs. The Settlement Class was notified of these details in the Class Notice.

### C. Reasons for the Settlement

Plaintiffs have entered into this proposed Settlement with an understanding of the strengths and weaknesses of their claims. This understanding is based on: (1) the Rule 12(b)(6) motion practice undertaken by the Parties; (2) investigation and research including a review of publicly available information concerning the Plan and non-public documents produced by Defendants in discovery; (3) the likelihood that Plaintiffs would prevail on their claims; (4) the range of possible recovery; (5) the substantial complexity, expense, and duration of litigation necessary to prosecute this action through trial, post-trial motions, and likely appeals, and the significant uncertainties in predicting the outcome of such complex litigation; and (6) Defendants' determination to fight and contest every aspect of the case. Having undertaken this analysis, Class Counsel and Plaintiffs have concluded that the Settlement is fair, reasonable, and adequate, and should be presented to the Court for approval. Lechtzin Decl. ¶ 10.

## D. Preliminary Approval

Class Counsel moved for preliminary approval of the Settlement Agreement on December 11, 2023 (ECF No. 46), and the Court entered the Preliminary Approval Order on February 20, 2024. (ECF No. 49). In the Preliminary Approval Order, the Court found that the proposed Class met all the requirements of Fed. R. Civ. P. 23(a) and (b)(1), and preliminarily certified the Class defined above pursuant to Fed. R. Civ. P. 23(b)(1) and 23(e). The Court further appointed Named Plaintiffs Ruth Hundley, Carol Bujak, Lita Brooks and Carol Rembor as the class representatives for the Settlement Class, and appointed Edelson Lechtzin LLP as Lead Counsel for the Settlement Class.[8]

## E. Notice to the Class and the Relative Lack of Objections

In paragraph 7 of the Preliminary Approval Order, the Court approved the form of the proposed Notice and set March 22, 2024 as the deadline for mailing and publishing the Notice and for posting the Notice on the settlement website created and maintained for this litigation. (ECF No. 49.) The Declaration of Jeff Mitchell, Analytics LLC, attached hereto ("Mitchell Decl."), demonstrates compliance with this Court's Order for Class Notice. The Mitchell Declaration attests to the mailing of more than 43,894 individual Notices to the Settlement Class, wherein May 16,

---

[8] Lead Counsel has been assisted in this litigation by co-counsel, Schneider Wallace Cottrell Konecky LLP, and local counsel, Fink Bressack PLLC.

2024 was established as the deadline for objecting to the proposed Settlement and Plaintiffs' motion for attorneys' fees and other relief.[9] Mitchell Decl. ¶¶ 5-11. Further, Analytics LLC established a dedicated telephone line for the Settlement Class. Mitchell Decl. ¶ 13.

On March 22, 2024, Analytics LLC also posted the Settlement Agreement, the Notice of Class Action Settlement, and the Preliminary Approval Order on the dedicated Settlement website, www.henryforderisasettlement.com, through which the Settlement Class could access Settlement-related information and materials. *See* Mitchell Decl. ¶ 12. To date, there have been no objections to the Settlement. Mitchell Decl. ¶ 14.

## THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

### A. Standard of Review

Plaintiffs respectfully request that the Court determine that the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e)(2). In evaluating whether a settlement is fair, reasonable and adequate, the following factors inform the court's inquiry:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

---

[9] *See* ECF No. 49, at PageID.1260.

*Moulton*, 581 F.3d at 349 (citation omitted). Consideration of these factors aids in the determination of "whether the interests of the class as a whole are better served if the litigation is resolved by settlement rather than pursued." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich. 2003) (citing MANUAL FOR COMPLEX LITIG. § 30.42 at 238 (3d ed. 1995)).

When examined under the applicable criteria, each and every factor supports final judicial approval of the Settlement, which is an excellent result for the Class.

### 1.    There is No Risk of Fraud or Collusion

"[C]ourts presume the absence of fraud or collusion in class action settlements unless there is evidence to the contrary." *Sheick v. Auto. Component Carrier LLC*, No. 2:09-CV-14429, 2010 WL 4136958, at *19 (E.D. Mich. Oct. 18, 2010) (citing *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)). Approval is appropriate where "the Settlement was negotiated at arm's length" – *i.e.*, where there is no collusion or benefit to certain parties to the detriment of the class as a whole. *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003).

As noted above, the Parties participated in arm's-length negotiations before a well-respected mediator, Robert A. Meyer, Esq., without collusion. Following numerous exchanges over several weeks, the Parties reached an agreement. Lechtzin Decl. ¶ 8.

8

## 2.     The Complexity, Expense and Likely Duration Favor Settlement

"Settlements should represent a 'compromise which has been reached after the risks, expense and delay of further litigation have been assessed.'" *In re Cardizem CD Antitrust Litigation*, 218 F.R.D. at 523 (quoting *Williams v. Vukovich*, 720 F.2d 909, 922 (6th Cir. 1983)). This is particularly true with class actions, which are "inherently complex." *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001). Moreover, "[S]ettlement avoids the costs, delays, and multiple of other problems associated with them." *Id.*

Plaintiffs recognize the possibility that the outcome of the case may not be as expected. Class Counsel believe that pursuant to ERISA, Defendants breached their fiduciary duties to Plan participants. However, Plaintiffs are also aware that Defendants adamantly dispute this position and that the Court (and ultimately the Court of Appeals for the Sixth Circuit) could disagree with Plaintiffs.

In addition, presenting an ERISA case of this type on the merits is a massive undertaking, with substantial risks, expense, and delay. Defendants have forcefully raised defenses to their actions with respect to the Plan to date, and there is no reason to believe they would not continue to do so through trial on appeal if necessary. The monetary consideration to the Plan is far better for the Plan's participants than the possibility of a more significant recovery, if any, after an expensive and protracted trial and appeal.

### 3.     The Plaintiffs Engaged in Substantial Discovery

Plaintiffs conducted sufficient discovery to support final approval of the Settlement. *See Sheick*, 2010 WL 4136958, at *19 n.3 (noting that "courts do not require formal discovery so long as the parties have adequate information in order to evaluate the relative positions"). In this case, prior to filing their claims, Class Counsel spent several months investigating the publicly available information about the Plan, including review and analysis of Plan-related documentation, analysis of Henry Ford Health System's publicly available financial statements, and interviews of Plan participants. Lechtzin Decl. ¶ 7. With respect to formal discovery, Defendants produced more than 8,000 pages of Plan-related documents, including Committee meeting minutes, consultant reports, fund analyses, and Plan disclosure statements. *Id*. Plaintiffs also received more than 6,800 pages of documents from the Plan's consultant, NEPC, in response to Plaintiffs' subpoena. *Id*. Plaintiffs also subpoenaed Empower Retirement, Fidelity Workplace Services, LLC and Met Life. *Id*. This discovery, in addition to Class Counsel's extensive pre-suit investigation, gave Class Counsel adequate information to fully evaluate its position in this action.

### 4.     The Likelihood of Plaintiffs' Success on the Merits Weighed Against the Consideration Offered in the Settlement Favors Approval

This factor considers "whether the relief offered in a settlement outweighs the plaintiffs' chances of ultimate success on the merits…" *Griffin v. Flagstar Bancorp,*

*Inc.*, No. 2:10-CV-10610, 2013 WL 6511860, at *4 (E.D. Mich. Dec. 12, 2013). In making this determination, courts recognize "the uncertainties of law and fact in any particular case and the concomitant risks and costs inherent in taking any litigation to completion." *Id.*

Class Counsel believe strongly in their claims and the legal basis for them. However, there is risk in any litigation, and especially here, where the area of the law – ERISA – is one of the most nuanced, unpredictable, and rapidly developing areas of law. As a result, any prediction of success is far from reliable.

If this Settlement is not approved, a substantial amount of work will need to be completed, including completion of fact and expert discovery, class certification, dispositive motion practice, designation of witnesses and exhibits, preparation of pre-trial memoranda and proposed findings of fact and conclusions of law, presentation of witnesses and evidence at trial, and, depending on the trial court's ruling on the merits, briefing of the losing party's almost-certain appeal. Lechtzin Decl. ¶ 11.

Plaintiffs believe that their claims would be successful, but nonetheless are aware of the risks associated with proceeding to trial, especially against highly experienced defense counsel. In view of these potential obstacles to recovery, the Settlement payment of $5 million should be regarded as a highly favorable recovery.

### 5.    The Judgment of Experienced Class Counsel Weigh in Favor of Approval

Courts recognize that the opinion of experienced, informed and competent counsel in favor of settlement should be afforded substantial consideration. *See Williams*, 720 F.2d at 922–23 ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs."); *IUE-CWA*, 238 F.R.D. at 597 ("The judgment of the parties' counsel that the settlement is in the best interest of the settling parties 'is entitled to significant weight, and supports the fairness of the class settlement.'").

As detailed in their Declarations, Plaintiffs' Counsel have extensive experience litigating ERISA class actions. Furthermore, Class Counsel have been able to develop the issues in this case to an appropriate point for settlement. They have conducted an extensive investigation; participated in extensive negotiations concerning the issues in this litigation; and retained an expert to assess damages and create a Plan of Allocation. While much work would be needed to prepare this case for trial, Plaintiffs possess a comprehensive understanding of both the strengths and the weaknesses of their claims, and believe that the Settlement is fair, reasonable and is in the best interests of the Plan and the Class. This opinion weighs heavily in favor of final approval of the Settlement.

### 6.    The Reaction of Absent Members of the Settlement Class

"A certain number of … objections are to be expected in a class action." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 527 (E.D. Mich. 2003). However, "[i]f only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement." *Id.*

Here, the reasonableness and adequacy of the Settlement is evidenced by the fact that, following service of the Class Notice to approximately 43,894 Class Members, not one has lodged an objection with the Court. Lead Counsel has spoken with dozens, if not hundreds, of Class Members about the Settlement and most Class Members have expressed gratitude to Lead Counsel for obtaining a recovery on their behalf. Lechtzin Decl. ¶ 16; Mitchell Decl. ¶ 14.

### 7.    The Settlement's Consistency with Public Interest Favors Approval

"[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *In re Cardizem CD Antitrust Litigation*, 218 F.R.D. at 530 (quoting *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992)). Settlements are particularly desirable in cases such as this one, where remedial measures must be implemented over extended periods of time. *See Berry v. Sch. Dist. of City of Benton Harbor*, 184 F.R.D. 93, 97 (W.D. Mich. 1998). Here, there are no contravening public interest justifications

sufficient to support deviating from the public interest served by settlement of this action, which provides monetary consideration to the Class. This factor weighs strongly in favor of approval as well.

### B.     The Form and Methods of Notice Satisfy Rule 23 and Due Process

In accordance with the Preliminary Approval Order, the Settlement Class has been provided with ample and sufficient notice of this Settlement, including an appropriate opportunity to voice objections. The notice plan fully informed Settlement Class members of the lawsuit and the proposed Settlement and enabled them to make informed decisions about their rights. Mitchell Decl. ¶ 7, Ex. 1.

Due process requires that notice to class members be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United States v. Latham*, 54 F. App'x 441, 444 (6th Cir. 2002). For the due process standard to be met, "it is not required that the [class member] receive actual notice" so long as class counsel acted reasonably in selecting means likely to inform persons affected. *Id.* at 444–45. To satisfy Rule 23, "[f]or non-opt out cases, such as the ERISA Actions, [all that is required is] such unspecified 'appropriate notice' as 'the court may direct[.]'" *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 448 (S.D.N.Y. 2004) (quoting Fed. R. Civ. P. 23 (c)(2)(A)). Here, the form and methods of notice

of the proposed Settlement provided pursuant to the Preliminary Approval Order satisfy all due process considerations and Fed. R. Civ. P. 23(c)(2) and (e)(1).

The mailed class notice provided to approximately 43,894 members of the Settlement Class detailed information about the Settlement, including: (1) a comprehensive summary of its terms; (2) notice of Class Counsel's intent to request attorneys' fees, reimbursement of expenses, and a class representative Incentive Fee for Named Plaintiffs and (3) detailed information about the Released Claims. In addition, the notice provided information about the Fairness Hearing date, rights of members of the Settlement Class to object (and deadlines and procedures for objecting) and the procedure to receive additional information. Mitchell Decl. ¶¶ 5-11. The mailed class notice provided members of the Settlement Class with contact information for Class Counsel, information on the toll-free phone number for inquiries and a website address for further information. *Id*.

The notice form and methods employed here are substantially similar to those successfully used in many other ERISA class settlements and "fairly, accurately, and neutrally describe the claims and parties in the litigation[,]…the terms of the proposed settlement and the identity of persons entitled to participate in it." *Foe v. Cuomo*, 700 F. Supp. 107, 113 (E.D.N.Y. 1988), *aff'd,* 892 F.2d 196 (2d Cir. 1989). Accordingly, the notice provided to the Settlement Class amply satisfies the requirements of due process and Fed. R. Civ. P. 23.

## C. Final Certification of the Class is Appropriate

Class certification is governed by Fed. R. Civ. P. 23, regardless of whether certification is sought pursuant to a contested motion or, as here, pursuant to a settlement. *See Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 619–29 (1997). Thus, the Court may certify the proposed class at this time upon finding that the action satisfies the four prerequisites of Rule 23(a) and one or more of the three subsections of Rule 23(b). *Id.*

Courts in this jurisdiction have consistently found that class certification is appropriate in ERISA cases. *See Rankin*, 220 F.R.D. 511; *see also* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment) (certification under Fed. R. Civ. P. 23(b)(1) is appropriate in cases charging breach of trust by a fiduciary to a large class of beneficiaries). Congress has similarly embraced the use of representative actions to enforce ERISA. *See Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985) (noting Congress' clearly expressed intent that ERISA "actions for breach of fiduciary duty be brought in representative capacity on behalf of the plan as a whole"). Thus, this Action, which seeks relief on behalf of the Plan, is precisely the type of case that Fed. R. Civ. P. 23 was enacted to address.

The Amended Final Approval Order defines the proposed Settlement Class as follows:

All persons, except Defendants and their immediate family members, who were participants in or beneficiaries of the Plan, at any time between May 5, 2015 through August 31, 2023 (the "Class Period").

The proposed Class Period has been shortened to end on August 31, 2023, which is the last date for which participant data was required under the Plan of Allocation.

### 1.    The proposed Class satisfies the requirements of Rule 23(a)

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Defendants have identified, and the Class Notice has been sent to approximately 43,894 members of the Settlement Class. Mitchell Decl. ¶¶ 5-11. The Settlement Class is sufficiently numerous.

Rule 23(a)(2) requires that a proposed class action raise "questions of law or fact common to the class." "[T]here need be only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (quotations and citations omitted). Plaintiffs have identified a series of common questions of law and fact, including: (a) whether Defendants are fiduciaries of The Plan; (b) whether Defendants breached their fiduciary duties of loyalty and prudence by engaging in the conduct alleged in the Complaint; and (c) whether the Board failed to adequately monitor the Investment Committee and other fiduciaries to ensure the Plans were being managed in compliance with ERISA. All these questions are common to the Settlement Class. *See*, *e.g.*, *Rankin*, 220 F.R.D. at 517–

18 (identifying similar common issues and concluding as well that the claim for a breach of the duty of prudence "clearly presents a common issue.").

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. "The typicality requirement is met if the plaintiff's claim 'arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and her or his claims are based on the same legal theory." *Rankin*, 220 F.R.D. at 518 (quoting *Little Caesar Enterprises, Inc. v. Smith*, 172 F.R.D. 236, 242–43 (E.D. Mich. 1997)). Here, Plaintiffs' claims arise from the same course of events as the claims of the Settlement Class, *i.e.*, from Defendants' alleged failure to maintain the Plan in accordance with ERISA. Moreover, with each Class Member asserting the same claims arising from the same conduct by Defendants and seeking the same relief on behalf of the Plan, there can be no dispute that Plaintiffs' claims are typical under Rule 23(a)(3).

Rule 23(a)(4) requires that the class representatives fairly and adequately protect the interests of the class they seek to represent. "[T]he Sixth Circuit appears to focus on the adequacy of plaintiff's counsel and whether plaintiff has a conflicting interest, not the personal qualifications of the named plaintiff." *Rankin*, 220 F.R.D. at 520.

These requirements are easily met here. Plaintiffs' interests are the same as those of the absentee members of the Settlement Class: all seek to increase the

retirement security of the Plan's participants, through monetary and nonmonetary relief. There can be no doubt that Named Plaintiffs' interests are aligned with those of the Settlement Class, and they have retained qualified counsel with extensive experience in representing plaintiffs in class litigation, including ERISA cases.

### 2. The Class satisfies the requirements of Rule 23(b)(1)

#### a. Individual actions would create inconsistent adjudications or be dispositive of the interests of absent members

A class may be certified under Fed. R. Civ. P. 23(b)(1) if, in addition to meeting the requirements of Fed. R. Civ. P. 23(a), the prosecution of separate actions by individual class members would create the risk of inconsistent adjudications, which would create incompatible standards of conduct for the defendant, or would as a practical matter be dispositive of the interests of absent members. Fed. R. Civ. P. 23(b)(1)(A) and (B). Courts have certified classes under Fed. R. Civ. P. 23(b)(1) in ERISA cases for those very reasons. *See In re CMS Energy Erisa Litig.*, 225 F.R.D. 539, 546 (E.D. Mich. 2004); *see also Mezyk v. U.S. Bank Pension Plan*, No. 3:09-CV-384-JPG, 2011 WL 601653, at *9 (S.D. Ill. Feb. 11, 2011) (Rule 23(b)(1)(A) certification appropriate "to establish one single standard of conduct for the defendants' administration of [a defined benefit Plan]" where participants sought "broad declaratory and injunctive relief" regarding whether plan provisions violated ERISA.).

Moreover, the Advisory Committee on Rule 23 specifically noted that actions that "charge[] a breach of trust by an indenture trustee or other fiduciary similarly affecting the members of a large class of … beneficiaries" – *i.e.*, an action like the present action – "should ordinarily be conducted as class actions" under Rule 23(b)(1)(B). *See* Fed. R. Civ. P. 23(b)(1)(B) Advisory Committee's Note (1966 Amendment). As a result, certification of the proposed class under Rule 23(b)(1) is appropriate in this ERISA Action.

### b.    Rule 23(g) is Satisfied

Fed. R. Civ. P. 23(g) requires the Court to examine the capabilities and resources of class counsel. Class Counsel has explained the claims brought in this action, and the time and effort already expended in connection with this litigation. Moreover, Class Counsel are among the leading ERISA class action plaintiffs' firms, and possess unparalleled expertise in the specific types of ERISA claims brought in this lawsuit. Class Counsel thus satisfy the requirements of Fed. R. Civ. P. 23(g).

### D. The Independent Fiduciary has Approved and Authorized the Settlement.

Defendants retained an Independent Fiduciary, who reviewed and considered the Settlement on behalf of the Plan and determined that the Settlement is reasonable and fair. On May 2, 2024, the Independent Fiduciary issued its final report concerning its review of the Settlement. Report of the Independent Fiduciary for the

Settlement in Hundley *et al.* v. Henry Ford Health System *et al.,* attached hereto as

Exhibit E.

Specifically, the Independent Fiduciary has determined that:

- The Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims forgone.
- The terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances.
- The transaction is not part of an agreement, arrangement or understanding designed to benefit a party in interest.
- The transaction is not described in Prohibited Transaction Exemption ("PTE") 76-1.
- All terms of the Settlement are specifically described in the written settlement agreement and the plan of allocation.
- To the extent there is non-cash consideration, it is in the interest of the Plan's participants and beneficiaries, and the Plan is receiving no non-cash assets as part of the Settlement.

Based on these determinations about the Settlement, Fiduciary Counselors hereby approves and authorizes the Settlement on behalf of the Plan in accordance with PTE 2003-39.

In addition to the foregoing, the Independent Fiduciary finds that the proposed

Plan of Allocation (as corrected by the instant motion) is reasonable, including the

pro rata distribution of funds based on each Class Member's Balance compared to

the Total Balance, the minimum distribution to Former Participants, who are not

entitled to a distribution of less than $10.00, and the provisions for payments into

Plan accounts for Class Members with Active Accounts. Exhibit A at 5-7. The Independent Fiduciary concludes, "The provisions are cost-effective and fair to Class Members in terms of both calculation and distribution." *Id*. at 7.

Accordingly, the Independent Fiduciary has evaluated the Settlement and determined that it is: (1) reasonable and fair in the light of the litigation risk and the value of the claims; (2) consistent with an arm's length agreement; and (3) not part of an agreement or arrangement to benefit any party in interest.

## <u>CONCLUSION</u>

For the reasons discussed herein, Named Plaintiffs respectfully submit that the Settlement should be granted final approval because it is a fair and reasonable result when viewed against the governing standard. Moreover, the Settlement Class meets all the requirements of Rule 23 and should be finally certified.

Dated: May 9, 2024

Respectfully submitted,

*/s/David Fink*
David Fink (P28235)
Nathan Fink (P75185)
FINK BRESSACK PLLC
38500 Woodward Avenue, Suite 350
Bloomfield, MI 48304
Tel: (248) 971-2500
Email: dfink@finkbressack.com
Email: nfink@finkbressack.com

Eric Lechtzin (Fed. Bar ID 62096PA)
Marc Edelson (Fed. Bar ID 51834PA)
EDELSON LECHTZIN LLP
411 S. State Street, Suite N-300
Newtown, PA 18940
Tel: (215) 867-2399
Email: elechtzin@edelson-law.com
Email: medelson@edelson-law.com

John J. Nestico
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Tel: (480) 315-3841
jnestico@schneiderwallace.com

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

> Rene E. Thorne
> Jackson Lewis P.C.
> 601 Poydras St., Suite 1400
> New Orleans, LA 70130
> Tel: (504) 208-5827
> Email: rene.thorne@jacksonlewis.com
>
> Phillip C. Thompson
> Jackson Lewis P.C.
> 7101 College Blvd., Suite 1200
> Overland Park, KS 66210
> Tel: (913) 982-5759
> Email: phillip.thompson@jacksonlewis.com

> *s/ David Fink*
> David Fink (P28235)
> Nathan Fink (P75185)
> FINK BRESSACK PLLC
> 38500 Woodward Avenue
> Suite 350
> Bloomfield, MI 48304
> Tel: (248) 971-2500
> Email: dfink@finkbressack.com
> Email: nfink@finkbressack.com